**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 35034**

| | | |
|---|---|---|
| BRADLEY J. ZENNER and ALLASON M. ZENNER, | ) ) ) | |
| Plaintiffs-Respondents, | ) ) | Lewiston, April 2009 |
| v. | ) ) | 2009 Opinion No. 84 |
| LANCE D. HOLCOMB and JENNIFER K. HOLCOMB, d/b/a HOLCOMB CONSTRUCTION, | ) ) ) ) | Filed: June 16, 2009

Stephen W. Kenyon, Clerk |
| Defendants-Appellants. | ) ) ) | |

Appeal from the District Court of the Second Judicial District, State of Idaho, Lewis County.  Hon. John H. Bradbury, District Judge.

District court award of actual attorney fees and costs, <u>affirmed.</u>

Edwin Lee Litteneker, Lewiston, argued for appellants.

Clark & Feeney, Lewiston, for respondents.  Paul Thomas Clark argued.

_____

BURDICK, Justice

This appeal arises out of the district court's award of actual attorney fees and costs to Respondents Bradley and Allason Zenner (the Zenners) pursuant to Paragraph 20 of the construction contract entered into between the Appellants Lance and Jennifer Holcomb (the Holcombs) and the Zenners.  The Holcombs appeal from the award, arguing the Zenners are not the prevailing party and, therefore, are not entitled to costs and attorney fees under the contract. Alternatively, the Holcombs argue that even if the Zenners are the prevailing party, the district court should have determined the amount of costs and attorney fees to be awarded pursuant to the criteria set forth in I.R.C.P. 54(d) and (e) respectively, rather than awarding them all of their costs and attorney fees pursuant to the contractual language.  We affirm.

# I. FACTUAL AND PROCEDURAL BACKGROUND

On June 19, 2002, the parties entered into a contract for the Holcombs to build a house on the Zenners' property. After construction was complete, the Zenners were unsatisfied with the house and made a list of several items that were defective or unfinished. Mr. Holcomb returned to the house several months later and addressed some items from the Zenners' list; however, several issues remained unresolved, including the Zenners' claims of deviations from architectural plans and water collection under the house. Mr. Holcomb refused to fix the defects.

On December 30, 2003, the Zenners filed a complaint for breach of contract against the Holcombs and requested costs and attorney fees pursuant to I.C. §§ 12-120 and 12-121. The Zenners later requested attorney fees and costs pursuant to Paragraph 20 of the contract. Paragraph 20 provided: "Attorney's fees. Should any kind of proceeding including litigation or arbitration be necessary to enforce the provisions of this agreement the prevailing party shall be entitled to have it's [sic] attorney's fees and costs paid by the other party." On August 22, 2007, after extensive discovery and mediation attempts, the Holcombs offered judgment for $25,000. The Zenners declined. On September 11, 2007, the Holcombs offered another judgment for $35,000. Again, the Zenners declined. At this point in the case, the Zenners had incurred attorney fees in excess of $46,000.

Trial began on October 1, 2007 and lasted ten days. Although the Zenners sought damages in the amount of $120,000, the jury awarded them only $40,000. On October 18, 2007, the district court entered a judgment on the verdict, ordering the Holcombs to pay the "sum of $40,000.00 with interest thereon at the statutory rate until paid, together with Plaintiff's costs and attorney fees." That same day, the Holcombs filed an objection to the court's judgment, arguing that any award of attorney fees and costs must be pursuant to I.R.C.P. 54(d)(1)(B), 54(d)(1)(F) and 54(e)(1).

On October 24, 2007, the Zenners filed a Memorandum of Costs and Affidavit of Attorney Fees pursuant to I.R.C.P. 54(d)(5). The Zenners requested $107,239.29 in attorney fees pursuant to Paragraph 20 of the contract, $8,075.12 in costs as a matter of right, and $6,140.52 in discretionary costs. In response, the Holcombs filed a Motion to Disallow Attorney Fees and Costs on November 6, 2007. On November 13, 2007, the Zenners filed the supplemental affidavit of Paul Clark, which stated that some of the attorney fees associated with this case were mistakenly entered in their Memorandum of Costs and Affidavit of Attorney Fees. As such, the

Zenners amended their request for attorney fees to $106,049.29 while their request for costs remained the same.

On November 21, 2007, a hearing was held regarding the Zenners' request for attorney fees and costs. The district court held that the Zenners were the prevailing party and were entitled to their actual costs and attorney fees pursuant to the contract. Accordingly, the district court signed an amended judgment on the verdict on January 11, 2008, awarding the Zenners the full amount of attorney fees and costs requested. The Holcombs now appeal from the district court's award of attorney fees and costs.

## II. ANALYSIS

The Holcombs argue the district court abused its discretion in determining that the Zenners were the prevailing party. Alternatively, the Holcombs argue that even if the Zenners were the prevailing party, the district court should have determined the amount of costs and attorney fees to be awarded pursuant to the criteria set forth in I.R.C.P. 54(d) and (e) rather than awarding them actual costs and attorney fees under the language of the contract. Each issue will be discussed in turn.

### A. Prevailing Party

The Holcombs contend the district court erred in determining that the Zenners were the prevailing party. A trial court's determination of whether a party prevailed is a matter of discretion. *Lettunich v. Lettunich*, 141 Idaho 425, 434-35, 111 P.3d 110, 119-20 (2005). "A district court's exercise of discretion will be upheld absent a showing of abuse of discretion." *Schneider v. Howe*, 142 Idaho 767, 771, 133 P.3d 1232, 1236 (2006). The boundaries of the district court's discretion are guided by I.R.C.P. 54(d)(1)(B), which provides: "In determining which party to an action is a prevailing party and entitled to costs, the [district] court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties." To determine whether an abuse of discretion occurred, we consider (1) whether the district court correctly perceived the issue as one of discretion; (2) whether the district court acted within the outer boundaries of its discretion and consistently with the applicable legal standards and (3) whether the district court reached its decision by an exercise of reason. *Sun Valley Shopping Ctr., Inc. v. Idaho Power Co.,* 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

3

The district court began its prevailing party analysis by explaining that, even though I.R.C.P. 68 provides that an unaccepted offer of judgment is deemed withdrawn and is not admissible as evidence except in a proceeding to determine costs, the court could consider the Holcombs' offer of judgment since both parties argued its amount in consideration of whether or not the Zenners were the prevailing party. The district court went on to state:

> In exercising . . . discretion I consider whether or not the jury decided in the Zenners' favor, how the jury award compared to what was sought, what other damages were recoverable in addition to the jury award, the extent to which the Zenners had a choice in proceeding to trial, and what is fair considering all of these factors.

The court then stated, "[t]here is no question that the Zenners recovered. Mr. Holcomb initially did not want to pay anything for repairs. He argued for minimal damages at trial." In support of its proposition that the Holcombs were seeking minimal damages, the district court referred to the Holcombs' second offer of judgment, which was ultimately rejected by the Zenners. The court pointed out that under Rule 68(a), an offer of judgment includes "all claims recoverable, including any attorneys fees awardable under Rule 54(e)(1), and any costs awardable under Rule 54(d)(1), which have accrued up to the date of the offer of judgment," and the contract provided that the prevailing party was entitled to costs and attorney fees. As such, the district court found that the Holcombs' $35,000 offer of judgment included costs and attorney fees. Because the $35,000 offer of judgment was less than the Zenners' attorney fees alone (which at that point in the case were in excess of $46,000), the district court determined that the Holcombs sought minimal damages.

The Holcombs argue the district court was prohibited from considering their rejected Rule 68 offer of judgment in support of its prevailing party analysis for the purpose of awarding attorney fees. Rule 68 states:

> (a) At any time more than 14 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against the defending party for the money or property or to the effect specified in the offer, which offer of judgment shall be deemed to include all claims recoverable, including any attorneys fees awardable under Rule 54(e)(1), and any costs awardable under Rule 54(d)(1), which have accrued up to the date of the offer of judgment. The offer of judgment shall not be filed with the court, except as stated herein. If within 14 days after the service of the offer the offeree serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of service thereof, and thereupon the judgment shall be entered for the amount of the offer without costs. *An offer not*

4

*accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs*. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict, order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 14 days prior to the commencement of hearings to determine the amount or extent of liability.

(b) In cases involving claims for monetary damages, any costs under Rule 54(d)(1) awarded against the offeree must be based upon a comparison of the offer and the "adjusted award." The adjusted award is defines as (1) the verdict in addition to (2) the offeree's costs under Rule 54(d)(1) incurred before service of the offer of judgment and (3) any attorney fees under Rule 54(e)(1) incurred before service of the offer of judgment. Provided, in contingent fee cases where attorney fees are awardable under Rule 54(e)(1), the court will pro rate the offeree's attorney fees to determine the amount incurred before the offer of judgment in reaching the adjusted award.

If the adjusted award obtained by the offeree is less than the offer, then:

(i) the offeree must pay those costs of the offeror as allowed under Rule 54(d)(1), incurred after the making of the offer;

(ii) the offeror must pay those costs of the offeree, as allowed under Rule 54(d)(1), incurred before the making of the offer; and

(iii) the offeror shall not be liable for costs and attorney fees awardable under Rules 54(d)(1) and 54(e)(1) of the offeree incurred after the making of the offer.

If the adjusted award obtained by the offeree is more than the offer, the offeror must pay those costs, as allowed under Rule 54(d)(1), incurred by the offeree both before and after the making of the offer.

After a comparison of the offer and the adjusted award, in appropriate cases, the district court shall order an amount which either the offeror or the offeree must ultimately pay separate and apart from the amount owed under the verdict. A total judgment shall be entered taking into account both the verdict and the involved costs.

(c) In cases involving claims for relief other than monetary damages, if the judgment, including attorney fees awardable under Rule 54(e)(1) incurred before service of the offer of judgment, and costs incurred before service of the offer of judgment, finally obtained by the offeree is not more favorable than the offer, the offeree must pay the offeror's costs, as allowed under Rule 54(d)(1), incurred after the making of the offer. If the judgment including such attorney fees and costs is more favorable than the offer, the offeror must pay all costs of the offeree allowable under Rule 54(d)(1) both before and after the making of the offer.

(Emphasis added). In support of their argument, the Holcombs cite to *Ireland v. Ireland*, 123 Idaho 955, 961, 855 P.2d 40, 46 (1993), in which this Court held that I.R.C.P. 68 should not be used to support an award of attorney fees. However, after reviewing *Ireland*, we determine the

5

Court's holding in that case conflicts with the Idaho Rules of Civil Procedure governing prevailing party status for costs and attorney fees.

Idaho Rule of Civil Procedure 54(d)(1)(B) governs the trial court's prevailing party analysis for the purpose of awarding costs. Rule 54(d)(1)(B) states: "In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties." This Court has held that offers of settlement, including offers of judgment, should be considered in determining the final judgment or result of the action in relation to the relief sought. *See Polk v. Larrabee*, 135 Idaho 303, 313, 17 P.3d 247, 257 (2000). Although offers of judgment may be considered, we have cautioned that they should not be the only, or even most significant, factor in the trial court's prevailing party analysis. *Id*.

Furthermore, I.R.C.P. 54(e)(1) governs the trial court's award of attorney fees in a civil action when fees are provided by statute or contract. Rule 54(e)(1) states that the trial court may award reasonable attorney fees to the prevailing party or parties as defined by Rule 54(d)(1)(B). Thus, Rule 54(e)(1) provides that the trial court's prevailing party analysis for costs is the same as its prevailing party analysis for attorney fees.

Yet in *Ireland*, the Court held that offers of judgment cannot be considered in the trial court's prevailing party analysis for purposes of awarding attorney fees. *Ireland*, 123 Idaho at 961, 855 P.2d at 46. In support of its holding, the Court stated, "Rule 68 is not intended to provide for an award of attorney fees." *Id.* The Court also stated "[Rule 68] applies only to judgments obtained by plaintiffs, putting a special burden on prevailing plaintiffs to whom a settlement offer is made to show that they are entitled to costs." *Id.* However, *Ireland* did not result in the plaintiff obtaining a judgment. In that case, Marlene Ireland filed a motion for modification of child support payments against her ex-husband Milton Ireland. Before trial, Milton made an offer of judgment that was rejected by Marlene. The trial court determined that there had been no substantial and material change in circumstances and denied Marlene's motion for modification. The trial court also determined that Milton was the prevailing party and granted his request for attorney fees under I.C. § 12-121. The trial court found that Milton substantially prevailed in accordance with his offer of judgment. The trial court stated, "But for

6

the civil disobedience of Christina[1] rejecting this Court's custody decision, the defendant's Offer of Judgment regarding payment of prospective child support under a shared custody arrangement in the amount of $200.00 per month would have been closely approximated by the Court's decision. In that event, the defendant would have prevailed in virtually all aspects of his Offer of Judgment." Although the trial court used the offer of judgment as a factor in support of its finding that Milton was the prevailing party, the trial court never referred specifically to Rule 68 in its prevailing party analysis.

On appeal, the district court reversed Milton's award of attorney fees. The district court found that the offer of judgment was governed by Rule 68 and that Rule 68 was inapplicable because it only applied where "the judgment, including attorney fees and costs, finally obtained by the offeree is not more favorable than the offer . . . ." The district court found no basis in the rule to support the trial court's application of Rule 68 to what the trial court's decision would have been "but for the civil disobedience of Christina." The district court also determined that the trial court's findings did not support the conclusion that the action was brought frivolously, or that Milton was the prevailing party. Furthermore, the district court questioned the applicability of Rule 68 to child support modification proceedings.

Milton appealed the reversal of his award of attorney fees to the Idaho Supreme Court. Milton argued that the trial court did not base its award of attorney fees on Rule 68, but rather awarded attorney fees pursuant to I.C. § 12-121. Milton further argued that the trial court's determination that the action was brought frivolously was supported by the record. This Court held that the trial court should not have used Rule 68 to support an award of attorney fees, but nevertheless upheld the award of attorney fees on the basis of I.C.§ 12-121, finding that Marlene's motion was frivolous. *Ireland,* 153 Idaho at 961, 855 P.2d at 46. Although the Court upheld the trial court's award of attorney fees under I.C. § 12-121, it did not discuss how Milton was the prevailing party. Based on our review of *Ireland*, we find that Rule 68 was inapplicable to the Court's analysis.

An offer of judgment is defined generally as "[a] settlement offer by one party to allow a specified judgment to be taken against the party." *Black's Law Dictionary* 1114 (8th ed. 2004).

---

[1] Christina was one of three children born to Milton and Marlene. The civil disobedience the trial court is referring to is when Christina moved from Utah to Boise in February 1990 after the trial court awarded temporary custody to Milton in Utah.

7

In *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 351 (1981), the United States Supreme Court held "the plain language of Rule 68 confines its effect [to cases] in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer."[2] This Court has also held that "[Rule 68] applies only to offers made by the defendant and only to judgments obtained by the plaintiff." *Jones v. Berezay*, 120 Idaho 332, 334, 815 P.2d 1072, 1074 (1991) (quoting *Delta Air Lines, Inc.*, 450 U.S. at 352). Thus, Rule 68 is a rule of procedure that places a special burden on prevailing plaintiffs to whom a settlement offer is made to show that they are entitled to costs. *Ireland*, 123 Idaho at 961, 855 P.2d at 46. Rule 68 does not govern an offer of judgment if it is not made by a defendant and if the offer is not more favorable than the judgment obtained by the plaintiff. Even though Milton made an offer of judgment in *Ireland*, Rule 68 was inapplicable since Marlene did not prevail. Accordingly, the trial court was not prohibited from considering Milton's offer of judgment as a factor in its prevailing party analysis for an award of attorney fees. In fact, the trial court was required to consider the offer of judgment under Rule 54(d)(1)(B) since Rule 68 was inapplicable. Therefore, we overrule the Court's holding in *Ireland* in so far as it holds that an offer of judgment may not be used to support a trial court's determination of prevailing party status for the purpose of awarding attorney fees.

Rule 68 is also inapplicable in this case. Although the Holcombs (the defendants) made an offer of judgment and the Zenners (the plaintiffs) prevailed, the verdict was not less favorable than the offer. The purpose of Rule 68 is to encourage settlement in litigation. *Delta Air Lines*, 450 U.S. at 352. The defendant is encouraged to make realistic settlement offers since only offers of judgment that are more favorable than the plaintiff's verdict will be considered for purposes of Rule 68. *Id.* This helps discourage sham offers. *Id.* Here, the Holcombs' offer of judgment was for $35,000, which the district court found to include costs and attorney fees, and the jury verdict was for $40,000 without costs and attorney fees. Although the district court erred in referring to the Holcombs' offer of judgment as a Rule 68 offer of judgment, we find this error to be harmless. The district court properly considered the Holcomb's second offer of judgment as a factor in its prevailing party analysis. Therefore, we affirm the district court's finding that the Zenners were the prevailing party.

---

[2] Federal Rule of Civil Procedure 68 is essentially the same as I.R.C.P. 68. *Jones v. Berezay*, 120 Idaho 332, 334, 815 P.2d 1072, 1074 (1991).

## B. Applicability of I.R.C.P. 54(e)

Alternatively, the Holcombs argue that even if the Zenners are the prevailing party, the district court erred by awarding the Zenners actual attorney fees pursuant to the language of the contract, rather than considering the factors under I.R.C.P. 54(e)(3) to determine a reasonable amount of fees and costs to award. The Holcombs argue that, although the contract provision does not state "reasonable" attorney fees, I.R.C.P. 54(e) is nevertheless applicable because it would strain the plain meaning of I.R.C.P. 54(e)(1) to interpret the rule to mean that a contract must provide for "reasonable attorney fees" in order for I.R.C.P. 54(e) to apply.

"The application of [a] procedural rule is a question of law on which we exercise free review." *Blaser v. Cameron*, 116 Idaho 453, 455, 776 P.2d 462, 464 (Ct. App. 1989). Under I.R.C.P. 54(e)(1), a "court *may* award *reasonable* attorney fees . . . when provided for by . . . contract." (Emphasis added). I.R.C.P. 54(e)(3) sets forth the factors the court must consider to determine what amount is reasonable. However, I.R.C.P. 54(e) is only applicable if the reasonableness criteria found in I.R.C.P. 54(e)(3) is not inconsistent with the attorney fees provision in the contract. I.R.C.P. 54(e)(8). I.R.C.P. 54(e)(8) states: "The provisions of this Rule 54(e) relating to attorney fees shall be applicable . . . to any claim for attorney fees made pursuant . . . to any contract, to the extent that the application of this Rule 54(e) to such a claim for attorney fees would not be inconsistent with such other . . . contract."

Here, the district court found the contract calls for "actual" attorney fees. The Holcombs failed to appeal that finding, but argue, as a matter of law, the contract provision is subject to I.R.C.P. 54(e). Requiring the court to determine the amount of attorney fees by considering the factors in I.R.C.P. 54(e)(3) would be contrary to the language of the contract and, therefore, contrary to I.R.C.P. 54(e)(8). Due to this inconsistency, I.R.C.P. 54(e) is not applicable. The contract provision does not contemplate the court's involvement in determining whether the fee is reasonable.

Even if the Holcombs had asserted a different interpretation of the contract provision, which they did not, we would "construe the contract most strongly against the person who prepared the contract." *Win of Michigan, Inc. v. Yreka United, Inc.*, 137 Idaho 747, 751, 53 P.3d 330, 334 (2002). The Holcombs cite to various Idaho cases in which this Court applied the I.R.C.P. 54(e) factors to determine the amount of attorney fees to award where the fees were awarded by contract; however, all of these cases are distinguishable from the facts and issues at

hand.[3] Therefore, we hold that I.R.C.P. 54(e)(3) is inapplicable because it is inconsistent with the language of the contract.

However, we caution that contractual language such as "its attorney fees" or "all attorney fees" does not give the prevailing party an unqualified right to unlimited attorney fees. The non-prevailing party may still argue that the amount claimed is an unconscionable penalty. *Clampitt v. A.M.R. Corp*, 109 Idaho 145, 148, 706 P.2d 34, 37 (1985) (holding that a liquidated damages amount set by contract is enforceable where the amount bears a reasonable relation to the damages actually sustained).

The Holcombs also argue the district court should have applied I.R.C.P. 54(e)(3) in determining the amount of fees to award because the Zenners asserted in their pleadings that they were entitled to reasonable attorney fees. This argument appears to bring the parties' expectations concerning the meaning of the contract provision into contention. However, at oral argument, counsel for the Holcombs stated that interpretation of the contract was not an issue in this case. Counsel went on to state "the contract language says what it says." Because the interpretation of the contract is not being challenged, this argument need not be addressed any further.

Finally, the Holcombs argue that I.R.C.P. 54(e) should apply because the district court used I.R.C.P. 54(d)(1) to determine prevailing party status. However, this Court has held that when a "contract provision limits the award of attorney fees to a 'prevailing party,' the I.R.C.P. 54(d)(1) definition of 'prevailing party' [is] applicable. However, if the . . . contract sets forth a different standard, the determination of the award of attorney fees [is] based upon the . . . contractual standard, not the prevailing party standard of I.R.C.P. 54(d)(1)." *Farm Credit Bank of Spokane v. Wissel*, 122 Idaho 565, 569 n.4, 836 P.2d 511, 515 n.4 (1992). Here, the contract provision used the prevailing party standard and, therefore, I.R.C.P. 54(d)(1) is applicable in determining prevailing party status. However, the contract set forth a different standard for determining the amount of attorney fees to award. Thus, I.R.C.P. 54 is not applicable to the determination of attorney fees, which is "based upon the . . . contractual standard." *Id*. Based on

---

[3] *Lettunich v. Lettunich,* 141 Idaho 425, 111 P.3d 110 (2005) (The contract clause failed to contain language that was required for actual attorney fees); *Decker v. Homeguard Systems,* 105 Idaho 158, 666 P.2d 1169 (Ct. App. 1983) (The statute in this case called for "reasonable" attorney fees).

the analysis set forth above, we affirm the district court's award of actual attorney fees pursuant to the language of the contract.

## C. Applicability of I.R.C.P. 54(d)

In addition, the Holcombs argue that the district court erred in determining that I.R.C.P. 54(d)(1) is not applicable when determining the amount of costs (as a matter of right and discretionary) to award the Zenners. In support of their argument, the Holcombs refer to their prior arguments regarding the applicability of I.R.C.P. 54 in determining the amount of attorney fees to award.

Under I.R.C.P. 54(d)(1)(A), "costs shall be allowed as a matter of right to the prevailing party or parties, unless otherwise ordered by the court." Idaho Rule of Civil Procedure 54(d)(1)(C) and (D) then distinguishs which costs are mandatory and which are discretionary. Here, the district court determined, "[a] fair reading of the plain meaning of the contract persuades me that it contemplated that the prevailing party would walk away from the courthouse at no cost to himself." In other words, the district court found that the contract was not ambiguous and that the prevailing party would walk away with "no cost to himself." As such, the district court ordered the Holcombs to pay the Zenners' actual costs.

In *Farm Credit Bank*, we stated that I.C. § 12-120 "does not override a valid agreement . . . ." 122 Idaho at 569, 836 P.2d at 515 (citing *Chittenden & Eastman Co. v. Leasure*, 116 Idaho 981, 982, 783 P.2d 320, 321 (Ct. App. 1989)). Likewise, we hold that the general entitlement to costs under I.R.C.P. 54(d)(1) does not override a valid agreement. This standard also promotes the freedom of contract, which is "a fundamental concept underlying the law of contracts and is an essential element of the free enterprise system." *Steiner Corp. v. American Dist. Telegraph*, 106 Idaho 787, 791, 683 P.2d 435, 439 (1984) (citing *Rawlings v. Layne & Bowler Pump Co.*, 93 Idaho 496, 499, 465 P.2d 107, 110 (1970)). Therefore, we affirm the district court in its award of actual costs pursuant to the contract.

## C. Attorney Fees on Appeal

On appeal, the Holcombs request attorney fees and costs pursuant to Idaho Appellate Rule 41 and I.C. § 12-121. Idaho Code § 12-121 provides that "[i]n any civil action, the judge may award reasonable attorney's fees to the prevailing party . . . ." The Holcombs are not the prevailing party on appeal and, therefore, are not entitled to attorney fees and costs under I.C. § 12-121.

The Zenners request attorney fees and costs on appeal pursuant to the parties' contract. In their contract, the parties contemplated attorney fees and costs for appellate proceedings. Specifically, the contract states: "Should any kind of proceeding including litigation or arbitration be necessary to enforce the provisions of this agreement the prevailing party shall be entitled to have it's [sic] attorney's fees and costs paid by the other party." In *Holmes v. Holmes*, 125 Idaho 784, 874 P.2d 595 (Ct. App. 1994), the Idaho Court of Appeals stated: "Contractual terms providing for recovery of attorney fees incurred in actions to enforce the contract represent an election by the parties to place the risk of litigation costs on the one who is ultimately unsuccessful. Such provisions are ordinarily to be honored by the courts." 125 Idaho at 787, 874 P.2d at 598. Because these provisions are generally honored in Idaho, we hold that the Zenners are the prevailing party on appeal and, therefore, entitled to their actual costs and attorney fees on appeal pursuant to the contract.

### III. CONCLUSION

For the reasons set forth above, we affirm the district court's award of actual attorney fees and costs to the Zenners pursuant to the parties' contract. We also award actual attorney fees and costs to the Zenners on appeal pursuant to the parties' contract.

Chief Justice EISMANN and Justices J. JONES, W. JONES and LUSTER, J, pro tem, **CONCUR.**