IN THE SUPREME COURT OF THE STATE OF IDAHO
Docket No. 35666

DOUG CRUMP and AMY CRUMP, husband )
and wife, )
                                       )         **St. Anthony, September 2009**
       **Plaintiffs-Appellants,** )
                                         )         **2009 Opinion No. 136**
  **vs.** )
                                         )         **Filed: October 26, 2009**
**TED BROMLEY dba RHINO LINING,** )
                                         )         **Stephen W. Kenyon, Clerk**
       **Defendant-Respondent,** )
                                         )

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bonneville County. Hon. Joel E. Tingey, District Judge; Hon. Mark Riddoch, Magistrate.

Award of costs and attorney fees to the prevailing party, <u>affirmed.</u>

Smith, Driscoll & Associates, PLLC, Idaho Falls, for appellants. B.J. Driscoll argued.

Blaser, Sorensen & Oleson, Chtd., Blackfoot, for respondent. Justin B. Oleson argued.

_____

BURDICK, Justice

Appellants Doug and Amy Crump (the Crumps) appeal from the district court's decision affirming the magistrate court's award of attorney fees and costs to Ted Bromley (Bromley), d/b/a Rhino Lining, as the prevailing party. The Crumps argue that both courts erred in determining prevailing party status. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Crumps retained the services of Bromley on August 5, 2005, for the purpose of installing a protective lining on their drift boat. The Crumps allege that the boat was damaged while in Bromley's possession, requiring repairs and preventing the Crumps from using their boat for a period of time. In their complaint filed on November 2, 2005, the Crumps alleged property damage to the boat in the amount of $945 and loss of use damages in the amount of $1,875, for a total of $2,820.

Bromley denied liability and asserted a counterclaim seeking to recover the $400 that had not been paid for the installation of the lining.  On March 16, 2006, Bromley submitted an offer of judgment pursuant to Idaho Rule of Civil Procedure 68, in the amount of $1,000.  The parties thereafter filed motions for summary judgment, which were heard on November 21, 2006.  At that time, the magistrate court denied the motions but ruled that repair costs were $600.  On April 27, 2007, the parties stipulated to a judgment in favor of the Crumps in the amount of $200.  The stipulation expressly left open the issue of whether either party was entitled to an award of costs or attorney fees.

Both parties then moved for costs and attorney fees under I.C. §§ 12-120(1) and 120(3). The court ruled that Bromley was the prevailing party in the matter and awarded Bromley attorney fees in the amount of $2,400 and costs in the amount of $483.38, for a total award of $2883.38.  In its memorandum decision on the Crumps' motion to reconsider, the court lowered the attorney fees award to $1,200 and awarded the same costs.  The court then stated in its order that it had reviewed the amounts of the parties' claims and requested attorney fees, and apportioned the award of fees to Bromley "as the partial and greater prevailing party."

The Crumps appealed to the district court, which affirmed the magistrate court.  This appeal was then timely filed.

## II. ANALYSIS

### A.  Standard of Review

"On appeal of a decision rendered by a district court while acting in its intermediate appellate capacity, this Court directly reviews the district court's decision." *In re Doe*, 147 Idaho 243, __, 207 P.3d 974, 979 (2009).  However, to determine whether there was an abuse of discretion, the Court independently "examine[s] the magistrate record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings." *State v.DeWitt,* 145 Idaho 709, 711, 184 P.3d 215, 217 (Ct. App. 2008). "If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we [will] affirm the district court's decision as a matter of procedure." *Losser v. Bradstreet,* 145 Idaho 670, 672, 183 P.3d 758, 760 (2008) (quoting *Nicholls v. Blaser,* 102 Idaho 559, 561, 633 P.2d 1137, 1139 (1981)).

A court's determination of prevailing party status will not be disturbed absent an abuse of discretion. *Shore v. Peterson*, 146 Idaho 903, 915, 204 P.3d 1114, 1126 (2009). When examining whether a trial court abused its discretion, this Court considers whether the court: (1) perceived the issue as one of discretion; (2) acted within the outer boundaries of this discretion and consistently within the applicable legal standards; and (3) reached its decision by an exercise of reason. *Id*. "A determination on prevailing parties is committed to the discretion of the trial court." *Id*. at 914, 204 P.3d at 1125. "Only in rare cases has this Court or the Court of Appeals reversed a trial court's determination of which party prevailed." *Id*.

**B.  Prevailing Party Determination**

The Crumps argue that the district court erred in affirming the magistrate court's decision because the magistrate court abused its discretion by finding that Bromley was the prevailing party. The Crumps contend that the magistrate court misapplied *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 117 P.3d 130 (2005), as well as Idaho Rule of Civil Procedure 68, in reaching its decision. Finally, the Crumps allege that the district court erred in affirming the magistrate court's misapplication of the law and in focusing on Rule 68 in its analysis. We affirm the district court's decision upholding the magistrate court's prevailing party determination.

Idaho Rule of Civil Procedure 54(e)(1) provides: "**Attorney fees.**  In any civil action the court may award reasonable attorney fees . . . to the prevailing party or parties as defined in Rule 54(d)(1)(B), when provided for by any statute or contract." Idaho Rule of Civil Procedure 54(d)(1)(B) guides courts in determining prevailing party status through the following analysis:

> In determining which party to an action is a prevailing party and entitled to costs, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties. The trial court in its sound discretion may determine that a party to an action prevailed in part and did not prevail in part, and upon so finding may apportion the costs between and among the parties in a fair and equitable manner after considering all of the issues and claims involved in the action and the resultant judgment or judgments obtained.

This Court has stated that, in considering all of the claims involved in the action, a court examines the prevailing party question "from an overall view, not a claim-by-claim analysis." *Shore*, 146 Idaho at 914, 204 P.3d at 1125. In addition, when both parties are partially successful, "it is within the court's discretion to decline an award of attorney fees to either side." *Id*. Furthermore, the fact that a party receives no affirmative relief does not prohibit it from

3

being deemed the prevailing party. *Israel v. Leachman*, 139 Idaho 24, 27, 72 P.3d 864, 867 (2003).

In finding that the Crumps were not entitled to an award of attorney fees, the magistrate court analogized the facts in this case with those presented in *Eighteen Mile Ranch, LLC v. Nord Excavating & Paving, Inc.*, 141 Idaho 716, 117 P.3d 130 (2005). The Crumps argue that the court's interpretation of *Eighteen Mile Ranch* was in error. In *Eighteen Mile Ranch*, this Court reversed the district court's finding that neither of the parties prevailed and, viewing the success of each party from an overall standpoint, this Court determined that the defendant had prevailed. 141 Idaho at 719, 117 P.3d at 133. This Court found that the district court had improperly focused on the defendant's "less than tremendous success on its counterclaim" and ignored the fact that it had avoided all liability as a defendant. *Id*. Thus, the Court found that the defendant was a prevailing party because it had a small victory on its counterclaim (even though it was less than a tenth of the damages it had sought) and a verdict in its favor.

This Court also determined that a district court had abused its discretion in determining prevailing party status in *Shore v. Peterson*, 146 Idaho 903, 204 P.3d 1114 (2009). The district court there, in its decision on the merits of the case, determined that the defendant had prevailed on his affirmative defense and the court made no findings on the substance of his other claim. *Shore*, 146 Idaho at 915, 204 P.3d at 1126. But in its decision denying costs and attorney fees, the district court found that the defendant had lost on his other claim, and therefore did not award fees and costs. *Id*. This Court held that the district court's decisions were inconsistent and it had erred in failing to identify the defendant as the prevailing party. *Id*. In contrast, in *Trilogy Network Systems, Inc. v. Johnson*, 144 Idaho 844, 172 P.3d 1119 (2007), this Court upheld a district court's determination that each party had prevailed in part, and not prevailed in part, because the district court utilized the prevailing party analysis, as set forth in I.R.C.P. 54(d)(1)(B), by looking at the multiple claims of the parties and determining who prevailed on each issue. 144 Idaho at 847-48, 172 P.3d at 1122-23.

The Crumps also argue that both the district court and magistrate court erred in considering Rule 68 in their prevailing party analyses. However, in this Court's recent decision in *Zenner v. Holcomb*, 147 Idaho 444, 210 P.3d 552 (2009), we determined that it was proper to consider Rule 68 offers of judgment as a factor in a prevailing party analysis, overruling our previous holding to the contrary in *Ireland v. Ireland*, 123 Idaho 955, 855 P.2d 40 (1993). We

4

did caution that offers of judgment "should not be the only, or even most significant, factor in the trial court's prevailing party analysis," but they may be considered. *Zenner,* 147 Idaho at __, 210 P.3d at 557.

The magistrate court here stated:

> After considering the amount claimed by the Crumps and the amount settled for in the stipulated judgment, and the foregoing authorities, the Court concludes that the Crumps were not a prevailing party in this action. Therefore, the Crumps are not entitled to an award of attorney fees and costs. See similar analysis in *Eighteen Mile Ranch v. Nord Excavating*, 141 Idaho 716, 117 P.3d 130 (S. Ct. 2005).
>
> On the other hand, Bromley, pursuant to his timely offer of judgment under Rule 68, prevailed in the dispute. The Court considered the factors in Rule 54(e)(3), particularly the time and labor required, less difficult issues, the amount involved and the results obtained. Accordingly, Bromley, as the prevailing party pursuant to Rule 68 where he offered $1,000 and settled for $200 which was less than that which was offered, is entitled to an award of reasonable attorney fees in the amount of $2,400; costs as a matter of right . . . for a total cost of $483.38 and for a total award of fees and costs in the amount of $2,883.38.

The court reduced Bromley's award of attorney fees following the Crumps' motion to reconsider, stating that each party had prevailed in part, but Bromley was the overall prevailing party and thus entitled to attorney fees in the amount of $1,200.

In considering the relief sought by the respective parties, and the relief received by each party, we find that the district court did not err in upholding the magistrate's determination that Bromley was the prevailing party and entitled to attorney fees. Similar to *Trilogy Network Systems*, the magistrate court here utilized the prevailing party analysis of I.R.C.P. 54(d)(1)(B) by looking at the claims of the parties and determining who prevailed on each issue. The Crumps sought $2,820 in damages and Bromley sought damages in the sum of $400. The magistrate court determined that the damages to the boat amounted to $600. In the Crumps' brief in support of their motion for attorney fees and costs, the Crumps stated that their counsel had arrived at the $200 amount for the stipulation to judgment as follows:

> $600 was the undisputed amount the court ruled it would cost to repair the crack in the boat. Counsel for defendants sought a $400 credit to pay for the services of his client in applying the Rhino Lining. Therefore, judgment of at least $200 was probable against defendants. In reaching an agreement to stipulate to a judgment in this amount, counsel for plaintiff agreed to waive plaintiffs' right to claim (1) defendants were not entitled to a $400 credit because Rhino Lining would need to be reapplied to the boat after the repair was completed; (2) there was additional

5

damage that defendants caused in addition to the $600 with respect to the boat; and (3) plaintiffs would not seek loss of use damages.

Thus, while the Crumps recovered $600 on their claim for $2820, Bromley recovered the entirety of the $400 he sought in damages pursuant to the stipulation. Therefore, the magistrate court acted within the boundaries of its discretion in concluding that, from an overall view, Bromley prevailed despite the $200 the Crumps received.

In addition, the magistrate court did not err in considering Bromley's offer of judgment in its prevailing party analysis. As we stated in *Zenner*, while offers of judgment should not be the only or most significant factor in the trial court's analysis, they may be considered. The magistrate court analyzed whether Bromley would be considered a prevailing party, and properly compared the Crumps' final "adjusted award" of $200 to the $1,000 offer of judgment. Therefore, the offer of judgment was just one of the factors in the court's prevailing party analysis. For the foregoing reasons, we affirm the district court's decision affirming the magistrate court's determination that Bromley was the prevailing party.

## C. Attorney Fees on Appeal

Both parties argue they are entitled to attorney fees and costs on appeal. The Crumps contend that Bromley waived his right to seek attorney fees and costs on appeal because he did not assert his claim for attorney fees and costs in the statement of issues on appeal pursuant to Idaho Appellate Rules 41(a) and 35(b)(5). Idaho Appellate Rule 41(a) provides:

> Any party seeking attorney fees on appeal must assert such a claim as an issue presented on appeal in the first appellate brief filed by such party as provided by Rules 35(a)(5) and 35(b)(5); provided, however, the Supreme Court may permit a later claim for attorney fees under such conditions as it deems appropriate.

Idaho Appellate Rule 35(b)(5) states: "If the respondent is claiming attorney fees on appeal the respondent must so indicate in the division of additional issues on appeal that respondent is claiming attorney fees and state the basis for the claim."

This Court determines that Bromley properly raised the issue of attorney fees on appeal by listing it as a separate issue in his first appellate brief and addressing it in detail with supporting argument and authority. We find that Bromley, as the prevailing party, is entitled to attorney fees and costs on appeal.

6

### III. CONCLUSION

We affirm the district court's determination that the magistrate court did not abuse its discretion in awarding attorney fees and costs to Bromley as the prevailing party. We award costs and attorney fees on appeal to Bromley.

Chief Justice EISMANN and Justices J. JONES, W. JONES and HORTON, **CONCUR.**