**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**
**Docket No. 51457**

| | | |
|---|---|---|
| **KELSEY and ROMAN KENNEY,** **husband and wife,** | ) ) ) | **Filed: April 3, 2025** |
| **Plaintiffs-Counterdefendants-** **Respondents,** | ) ) ) ) | **Melanie Gagnepain, Clerk** |
| v. | ) ) ) | **THIS IS AN UNPUBLISHED** **OPINION AND SHALL NOT** **BE CITED AS AUTHORITY** |
| **RENEE REID, aka RENEE REID-** **WYATT,** | ) ) ) | |
| **Defendant-Counterclaimant-** **Appellant.** | ) ) ) ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. John T. Mitchell, District Judge.

Judgment of the district court, <u>affirmed</u>.

Bistline Law, PLLC; Arthur M. Bistline, Coeur d'Alene, for appellant.

Kelsey Kenney and Roman Kenney, Cocolalla, for respondents. (Respondents did not participate in appeal.)

---

HUSKEY, Judge

Renee Reid appeals from the judgment awarding Kelsey and Roman Kenney (collectively, "the Kennys") $2,500[1] and the dismissal of her counterclaims with prejudice. Reid argues the district court erred in finding that the Kenneys did not leave the home in a damaged condition and were entitled to the return of the security deposit. Reid argues the district court further erred in awarding attorney fees and costs to the Kenneys because the fees and costs were the result of the Kenneys unreasonably refusing settlement and pursuing trial on damage claims to which they were

---

[1]    The Kenneys were awarded treble damages pursuant to Idaho Code § 6-317 by the district court. The amount of the award is not contested in this appeal.

not entitled. Neither Kelsey Kenney nor Roman Kenney are a participant in this appeal. For the following reasons, we affirm the judgment of the district court.

## I.

## PROCEDURAL AND FACTUAL BACKGROUND

Reid is the owner of real property in Hayden, Idaho which she offers for rent. Reid contracted with Kathryn Ellefloot to manage the property with Reid's ex-husband, Richard Wyatt, who was acting as the contact person for any major issues related to the property. The Kenneys leased the property from Reid for a period beginning November 1, 2020, through May 18, 2021, and paid Reid a $2,500 refundable security deposit. Although the Kenneys' lease agreement included the residence, the lease specifically excluded access to two locked closets and the garage. The lease agreement provided that Reid had twenty-one days following the end of the lease to return the security deposit and/or provide an itemized list of deductions. During the time of the Kenneys' tenancy, two major issues arose that caused damage to the property including issues with the septic system and water damage from an overflowing bathtub and sink. Ellefloot worked with Wyatt to coordinate repairs of the property.

In February 2021, Kelsey Kenney accessed one of the locked closets and the garage to determine and resolve the problem with the septic system. Located in the garage was Wyatt's personal vehicle, which Kelsey later used without Wyatt's knowledge or permission. Upon learning of this, Wyatt instructed Ellefloot to collect approximately $10,000 from the Kenneys, which the Kenneys paid with $4,500 in cash and gold coins valued at $9,963.95. The Kenneys claimed this money was an additional refundable deposit; other evidence indicated it was money Wyatt demanded in exchange for not reporting Kelsey's unauthorized use of his vehicle to the police. At the end of the lease, the Kenneys paid for a deep clean of the property, including steam cleaning the carpets and rugs, which Ellefloot testified left the property in substantially the same condition as when the Kenneys took possession. The Kenneys vacated the property on May 17, 2021. Reid did not provide an itemized statement of deductions and did not return any portion of the security deposit within the twenty-one-day timeline as required by the lease.

The Kenneys filed a complaint alleging Reid violated the lease agreement by failing to return the security deposit or provide an itemized list of any damages claimed and amounts lawfully retained. The Kenneys identified the amount of security deposit as being in excess of $10,000 and sought treble damages. Reid filed a counterclaim asserting the Kenneys breached the

2

lease agreement by causing damage to the property and Reid's personal property, by not paying rent for the unauthorized access to parts of the house excluded under the lease, and for stealing Reid's personal property. Prior to trial, Reid offered to settle the dispute by paying the Kenneys $2,500; the amount of the original security deposit. The Kenneys declined the offer.

The district court found that Reid was solely responsible for determining the amount and collection of security deposits and, therefore, Wyatt acted outside the scope of his authority when he demanded and collected an additional payment of $10,000 from the Kenneys. The district court determined the amount of the security deposit was $2,500 and Reid failed to return any portion of the deposit or provide an itemized statement of any amounts lawfully retained as required under the lease agreement and Idaho Code § 6-321. The district court awarded treble damages to the Kenneys pursuant to I.C. § 6-317 with respect to the original $2,500 security deposit. The district court found Reid failed to establish that the Kenneys committed conversion of her personal property or that the Kenneys breached the lease agreement by leaving the property in a damaged condition. The district court also found the Kenneys did not owe additional rent for accessing the garage. Reid filed a motion to alter or amend the judgment and a motion to disallow costs and fees to plaintiffs. The district court denied the motion and awarded the Kenneys attorney fees and costs in the amount of $57,986.11. Reid appeals.

## II.

## STANDARD OF REVIEW

Where a trial court sits as a finder of fact without a jury the court is required to enter findings of fact and conclusions of law. I.R.C.P. 52(a); *Estate of Hull v. Williams*, 126 Idaho 437, 440, 885 P.2d 1153, 1156 (Ct. App. 1994). Our review of the trial court's decision is limited to ascertaining whether substantial, competent evidence supports the findings of fact, and whether the trial court correctly applied the law to the facts as found. *Borah v. McCandless*, 147 Idaho 73, 77, 205 P.3d 1209, 1213 (2009); *Cummings v. Cummings*, 115 Idaho 186, 188, 765 P.2d 697, 699 (Ct. App. 1988). Thus, we defer to findings of fact that are not clearly erroneous, but we freely review the trial court's conclusions of law reached by applying the facts found to the applicable law. *Staggie v. Idaho Falls Consol. Hosps.*, 110 Idaho 349, 351, 715 P.2d 1019, 1021 (Ct. App. 1986).

When a trial court's discretionary decision is reviewed on appeal, the appellate court conducts a multi-tiered inquiry to determine whether the lower court: (1) correctly perceived the

3

issue as one of discretion; (2) acted within the boundaries of such discretion; (3) acted consistently with any legal standards applicable to the specific choices before it; and (4) reached its decision by an exercise of reason. *Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018).

### III.

### ANALYSIS

Reid contends the district court erred in finding the Kenneys did not leave the home in a damaged condition and were entitled to the return of the security deposit because the district court relied on the testimony of witnesses who lacked the appropriate knowledge of the condition of the home prior to the Kenneys' tenancy. Reid argues Roman Kenney admitted significant damage occurred and additional funds were owed to repair the damage. Reid contends the district court further erred in finding the Kenneys were the prevailing party and awarding attorney fees and costs because the Kenneys received no more than what Reid offered as settlement prior to trial and, in fact, were awarded a judgment far less than they were seeking. The Kenneys did not participate in this appeal.

### A. Damage To The Property

"Appellate courts are not permitted to substitute their own view of the evidence for that of the trial court, or to make credibility determinations." *Wilde v. Wilde*, __ Idaho __, __, 556 P.3d 830, 836 (2024). "We reaffirm the oft-cited maxim that appellate courts in Idaho do not reweigh evidence." *Wilson v. Mocabee*, 167 Idaho 59, 68, 467 P.3d 423, 432 (2020). "Instead, we defer to the trial court's unique ability to 'accurately weigh the evidence and judge the demeanor of the witnesses' while taking into account the trial court's 'superior view of the entire situation.'" *Lunneborg*, 163 Idaho at 866-67, 421 P.3d at 197-98.

The district court described the witness credibility determinations in its findings of fact and conclusions of law stating:

> 12. This Court has considered the demeanor as witness of Defendant and Wyatt, as well as the consistency of their testimony and any contradiction of their statements. This Court finds the credibility of these two witnesses to be low.
> 13. Based on the same observations and criteria, this Court finds Kelsey's credibility to be moderate, and Roman Kenney's credibility to be somewhat higher.
> 14. The highest credibility is attributed to the non-party witnesses the Court heard. These include Ellefloot, Sgt. Jason Bates of the Kootenai County Sherriff's Office, and Dennis Heavey, who performed the steam cleaning of the property's carpets and noticed no damage attributed to animal odors.

4

On appeal, Reid argues the district court's finding that the rental property had not been left in a damaged condition and, as a result, the Kenneys were entitled to the return of their security deposit is not supported by substantial and competent evidence. We disagree.

The record provides substantial and competent evidence to support the district court's findings that the property was not left in a damaged condition and the Kenneys were entitled to the return of their security deposit. Reid points to Ellefloot's description of the property as "looking like a bomb went off" as proof that the property was damaged. That statement, when placed in context, does not suggest what Reid implies. During Ellefloot's testimony when she made the comment, she explained that she was at the property to do a walkthrough to assess the water damage that just occurred, not to do an inspection, and that some rooms were tidy and others were "not to the slightest" tidy. She also noticed that artwork was taken off the walls and placed elsewhere. Ellefloot was asked about the condition of the property when she was there a month later while the Kenneys were moving out, and she testified that the property "was almost back to its original condition." She hedged her answer with "minus the cosmetic damage" which she explained was the water damage. She did not testify that she observed any other cosmetic damages and did not notice any odor in the home or damage to the carpets. The observed condition of the property during the Kenneys' tenancy shortly after the extensive water damage is irrelevant to the observed condition at the end of their tenancy as it is the condition at the conclusion of their tenancy that is at issue.

The house cleaners, Dennis Heavey and his wife Monica Heavey, testified they did not notice any damage to the property and, based on their experience, they found the carpets to be high quality and in reasonable shape, showing only normal wear and tear. The district court found the house cleaners credible. In June 2021, Reid listed the property for sale and the purchaser of the Reid property, Carrie Booten, testified that upon becoming the owner, no significant repairs were needed. Aside from a bare assertion by Reid that the house had in excess of $35,000 of damage caused by the Kenneys, there was no evidence submitted to support Reid's claim. Substantial and competent evidence presented at trial supports the district court's factual findings that significant damage was not visible by the end of the Kenneys' tenancy.

Reid highlights Roman Kenney's statements about the likelihood of damage and his willingness to pay additional amounts as being dispositive that the Kenneys caused damage. However, Roman also testified that he was intimidated by Wyatt and was looking to ease the

5

tension of the situation. Where there is conflicting evidence, it is the trial court's task to evaluate the credibility of witnesses and to weigh the evidence presented. *Desfosses v. Desfosses*, 120 Idaho 354, 357, 815 P.2d 1094, 1097 (Ct. App. 1991). We will not set aside the trial court's factual findings as clearly erroneous if they are supported by substantial and competent, even if conflicting, evidence. *Kennedy v. Schneider*, 151 Idaho 440, 442, 259 P.3d 586, 588 (2011). Evidence is substantial and competent if a reasonable trier of fact would accept that evidence and rely on it to determine whether a disputed point of fact was proven. *Hull v. Giesler*, 156 Idaho 765, 772, 331 P.3d 507, 514 (2014); *Hutchison v. Anderson*, 130 Idaho 936, 940, 950 P.2d 1275, 1279 (Ct. App. 1997). Here, the district court weighed all the evidence presented, including any conflicting evidence, and reached its conclusion that the Kenneys had not left the property in a damaged condition. Because that conclusion is supported by substantial and competent evidence, we decline Reid's request to reweigh the evidence, and we affirm the district court's award to the Kenneys.

## B.     Attorney Fees

Reid argues the district court erred in finding the Kenneys were the prevailing party and entitled to attorney fees because the Kenneys were awarded an amount that is less than their claim and is identical to Reid's settlement offer prior to trial. Reid contends that the proper analysis is whether acceptance of an offer of judgment would have ended the case and when applied here, had the Kenneys accepted the $2,500 offer, there would have been no need for trial because the Kenneys knew the additional sums paid to Wyatt "were not an additional damage deposit." Therefore, the Kenneys should not have been awarded fees.

As an initial matter, Idaho Rule of Civil Procedure 68(d) provides for offers of judgment and the adjustment and award of costs in the event an offer of judgment is not accepted, and the offeree receives an award less than the offer. Reid does not seek application of I.R.C.P. 68. Instead, Reid argues that the district court, in its prevailing party determination, should have considered that the Kenneys received no more in an award than the offer of judgment and incurred substantial costs and attorney fees unnecessarily by rejecting the offer and going to trial. In *Zenner v. Holcomb*, 147 Idaho 444, 210 P.3d 552 (2009), the Court noted that settlement offers should be considered in the prevailing party analysis, however, they should not be the only, or most significant factor, in the prevailing party analysis. *Id*. at 444, 210 P.3d at 557. "The determination of who is the prevailing party for purposes of an award of attorney fees is within the trial court's

discretion." *Hughes v. Fisher*, 142 Idaho 474, 484, 129 P.3d 1223, 1233 (2006). In determining which party prevailed where there are claims and counterclaims between opposing parties, a court determines who prevailed in the action from an overall view, not through a claim-by-claim analysis. *Oakes v. Boise Heart Clinic Physicians*, *PLLC*, 152 Idaho 540, 545, 272 P.3d 512, 517 (2012).

During the hearing on Reid's motion to alter or amend the judgment, the district court considered Reid's arguments and rejected them. As to the offer of judgment, the district court stated, "I am not persuaded by the offer of judgment argument submitted by the defense. I understand it, but I think it's an improper use of the offer of a judgment vehicle." Reid makes no argument on appeal that the district court failed to consider the offer of a judgment or its import in the prevailing party analysis. Instead, Reid argues that the Kenneys proceeded after the offer of judgment on a damages claim on which they knew that they would prevail and, in fact, did not prevail. Although Reid argued that the "only relief sought by the Kenneys after the offer of judgment was the additional sums paid to Wyatt, sums they knew were not an additional damage deposit," this is not an established fact. The Kenneys and Ellefloot testified that the $10,000 paid to Wyatt was an additional deposit and there was some expectation of the money being returned after a determination of any damage to the vehicle and the excluded areas of the property. Beyond arguing that the $10,000 was not an additional deposit, Reid fails to explain how the district court abused its discretion in rejecting her prevailing party argument.

In considering the gravamen of the complaint, the district court stated:

> The court found, number one, "Reid wrongfully retained the security deposit." Plaintiff prevailed on that issue. Number two, "The Kenneys did not damage the property." Plaintiff prevailed on that issue. These are all counterclaims brought by the defendant. Three, "The Kenneys did not use more of the rental property than that which they were entitled to use," again, plaintiffs prevailed, and four, "The Kenneys did not steal from Reid," again, plaintiffs prevailed.

Reid's argument is based purely on the monetary award versus the amount of money presented in the offer of judgment, which the district court found to be an inappropriate basis as the sole reason for determining the prevailing party. The district court found the eventual judgment amount is not determinative, although it is a considered factor, in the prevailing party analysis and denied Reid's motion to alter or amend the judgment. The district court recognized its discretion and acted consistently and within the bounds of that discretion to determine the prevailing party. The district court explained its reasoning and identified each of the substantive claims and who factually

7

prevailed. From an overall view, the Kenneys prevailed on all claims and Reid prevailed on none. Thus, the district court did not abuse its discretion by determining the Kenneys were the prevailing party and awarding attorney fees and costs.

Reid claims attorney fees and costs on appeal pursuant to I.C. § 6-324. Reid is not the prevailing party on appeal and is therefore not entitled to the award of attorney fees and costs in bringing the appeal pursuant to I.C. § 6-324 or Idaho Appellate Rule 41. The Kenneys did not participate in the appeal and thus, are not entitled to attorney fees or costs.

## IV.
## CONCLUSION

The district court did not err in awarding judgment to the Kenneys because substantial and competent evidence established that they were entitled to the return of the $2,500 security deposit, and Reid neither returned the deposit nor provide an itemized statement of any amounts lawfully retained as required. The district court did not abuse its discretion in awarding the Kenneys attorney fees and costs as the prevailing party. We affirm the judgment of the district court.

Chief Judge GRATTON and Judge TRIBE, **CONCUR**.