815 P.2d 1072

**Bruce and Debbie JONES, husband and wife, d/b/a Royal Cleaners, Plaintiffs–Respondents,**

v.

**Deanne BEREZAY n/k/a Deanne Newbold, Defendant–Appellant.**

**No. 18632.**

Supreme Court of Idaho, Pocatello, May 1991 Term.

Aug. 21, 1991.

Moss & Esplin, Blackfoot, for defendant-appellant. Dalon Esplin argued.

Blaser, Sorensen & Hansen, Blackfoot, for plaintiffs-respondents. Scott H. Hansen argued.

JOHNSON, Justice.

This case concerns the denial of costs and attorney fees to the defendant when the trial court issued an order allowing the plaintiffs voluntarily to dismiss the action. In deciding the case, we are required to interpret I.R.C.P. 68 and 41(a)(2). We affirm the trial court's order that each party bear their own attorney fees and costs.

## I.

### BACKGROUND AND PRIOR PROCEEDINGS.

Bruce and Debbie Jones (the Joneses), doing business as Royal Cleaners, sued Deanne Berezay, now known as Deanne Newbold (Newbold), seeking $136.50 in damages for misrepresentation and fraud, $1,000.00 in punitive damages, and attorney fees. Newbold made an offer of judgment of $36.50 pursuant to I.R.C.P. 68. The Joneses rejected the offer. The trial court struck the claim for punitive damages pursuant to I.C. § 6–1604(2).

On the morning of the day scheduled for trial, the Joneses moved to dismiss the case with each party to pay their own attorney fees and costs. The trial court granted the motion, stating it appeared "that it is not economically feasible to pursue the case, and likely if the case was pursued, each party would be required to pay their own attorney's fees and costs."

Newbold appealed to the district court, contending she was the prevailing party and was entitled to attorney fees and costs. The district judge ruled that Newbold was not entitled to attorney fees and costs pursuant to I.R.C.P. 68 and remanded the case to the magistrate judge for a determination whether there was a prevailing party, and if so, appropriate attorney fees.

On remand, the magistrate judge ruled:

This Court can only come to one conclusion; that this case was a stand off. No one won and no one lost. There was no overall prevailing party. It was for this reason that neither party was awarded costs or fees.

Newbold again appealed to the district court. The district judge affirmed, and Newbold appealed to this Court.

## II.

### NEWBOLD WAS NOT ENTITLED TO COSTS UNDER I.R.C.P. 68.

Newbold asserts that she is entitled to costs under I.R.C.P. 68. We disagree. I.R.C.P. 68 provides:

**Rule 68. Offer of judgment.**—At any time more than 14 days before the trial begins, a party defending against a claim may serve upon the adverse party an offer to allow judgment to be taken against him for the money or property or to the effect specified in his offer, which offer of judgment shall be deemed to include all claims recoverable including any attorneys fees allowable by contract or the law and costs then accrued. If within 14 days after the service of the offer the adverse party serves written notice that the offer is accepted, either party may then file the offer and notice of acceptance together with proof of ser-

vice thereof and thereupon the judgment shall be entered for the amount of the offer without costs. An offer not accepted shall be deemed withdrawn and evidence thereof is not admissible except in a proceeding to determine costs. If the judgment, including attorneys fees and costs, finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs, as allowed under Rule 54(d)(1), incurred after the making of the offer. The fact that an offer is made but not accepted does not preclude a subsequent offer. When the liability of one party to another has been determined by verdict or order or judgment, but the amount or extent of the liability remains to be determined by further proceedings, the party adjudged liable may make an offer of judgment, which shall have the same effect as an offer made before trial if it is served within a reasonable time not less than 14 days prior to the commencement of hearings to determine the amount or extent of liability.

This rule is essentially the same as Fed. R.Civ.P. 68.

In *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 101 S.Ct. 1146, 67 L.Ed.2d 287 (1981), the Supreme Court defined the scope of Fed.R.Civ.P. 68, its purpose in conjunction with Fed.R.Civ.P. 54(d), and its history:

> Under Rule 54(d) of the Federal Rules of Civil Procedure, the party prevailing after judgment recovers costs unless the trial court otherwise directs. Rule 68 could conceivably alter the Rule 54(d) presumption in favor of the prevailing party after three different kinds of judgments are entered: (1) a judgment in favor of the defendant; (2) a judgment in favor of the plaintiff but for an amount less than the defendant's settlement offer; or (3) a judgment for the plaintiff for an amount greater than the settlement offer. The question presented by this case is which of these three situations is described by the words [in Rule 68] 'judgment finally obtained by the offeree ... not more favorable than the offer.'

> Obviously those words do not encompass the third situation—a judgment in favor of the offeree that is *more favorable* than the offer. Those words just as clearly do encompass the second, for there can be no doubt that a judgment in favor of the plaintiff has been 'obtained by the offeree.' But inasmuch as the words 'judgment ... obtained by the offeree'—rather than words like 'any judgment'—would not normally be read ... to describe a judgment in favor of the other party, the plain language of Rule 68 confines its effect to the second type of case—one in which the plaintiff has obtained a judgment for an amount less favorable than the defendant's settlement offer.

> . . . .

> ... [I]t is clear that [Rule 68] applies only to offers made by the defendant and only to judgments obtained by the plaintiff. It therefore is simply inapplicable to this case because it was the defendant that obtained the judgment.

> ... Because prevailing plaintiffs presumptively will obtain costs under Rule 54(d), Rule 68 imposes a special burden on the plaintiff to whom a formal settlement offer is made....

450 U.S. at 351–52, 101 S.Ct. at 1149–50, 67 L.Ed.2d at 292–93 (footnote omitted).

I.R.C.P. 54(d)(1)(A) is essentially the same as the pertinent part of Fed.R.Civ.P. 54(d): "Except when otherwise limited by these rules, costs shall be allowed as a matter of right to the prevailing party or parties, unless otherwise ordered by the court." I.R.C.P. 54(d)(1)(A). "Except when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d).

We find the analysis of the Supreme Court in *Delta Air Lines* to be persuasive. The Joneses did not obtain a judgment. The trial court merely allowed the Joneses to dismiss voluntarily. Because the order of dismissal did not specify otherwise, the

dismissal was without prejudice. I.R.C.P. 41(a)(2). Therefore, Newborn was not entitled to costs under I.R.C.P. 68.

## III.

### THE TRIAL COURT DID NOT ABUSE ITS DISCRETION IN ORDERING DISMISSAL WITHOUT AWARDING COSTS AND ATTORNEY FEES.

Newbold asserts that the trial court abused its discretion by not awarding her costs and attorney fees when the trial court allowed the Joneses to dismiss the action voluntarily. We disagree.

Newbold argues that the trial court abused its discretion by not determining that Newbold was a prevailing party under I.C. § 12–120(1) and I.R.C.P. 54(d)(1)(B). Newbold also argues that the trial court abused its discretion under I.R.C.P. 41(a)(2) by not awarding Newbold attorney fees and costs as part of the terms and conditions of dismissal.

Pursuant to I.C. § 12–120(1), in an action where the amount pleaded is $25,000 or less, the prevailing party is entitled to costs and reasonable attorney fees. I.R.C.P. 54(d)(1)(B) authorizes the trial court "in its sound discretion" to determine which party to an action is a prevailing party, considering "the final judgment or result of the action in relation to the relief sought by the respective parties." On remand from the first appeal to the district judge, the magistrate judge determined that there was "no overall prevailing party." The district judge affirmed.

Under the circumstances of this case, we conclude that the proper focus should be on the trial court's exercise of discretion in determining the terms and conditions of dismissal under I.R.C.P. 41(a)(2), rather than on the determination of a prevailing party. The discretion given to the trial court in I.R.C.P. 41(a)(2) is not circumscribed by the prevailing party analysis that is mandated by I.C. § 12–120 and I.R.C.P. 54(d)(1)(B).

I.R.C.P. 41(a)(2) provides:

**Rule 41(a)(2). Dismissal by order of court.**—Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

In determining whether a trial court abused its discretion in ordering dismissal under this rule without awarding costs and attorney fees, or either, our focus should be on the words: "upon such terms and conditions as the court deems proper." In narrowing our focus to determine the degree of discretion that should be allowed our trial courts in determining whether costs and attorney fees, or either, should be awarded when dismissal is under I.R.C.P. 41(a)(2), we find the discussion of the ninth circuit in a recent case to be helpful.

In *Stevedoring Serv. v. Armilla Int'l*, 889 F.2d 919 (9th Cir.1989), the ninth circuit considered whether the trial court had abused its discretion in allowing dismissal without an award of costs and attorney fees under Fed.R.Civ.P. 41(a)(2), which is identical to I.R.C.P. 41(a)(2). In *Armilla*, the motion to dismiss by the plaintiff was made after the plaintiff's unsuccessful attempt to prove that the defendant was the alter ego of another company in an effort to attach the defendant's assets. In affirming the trial court's action, the ninth circuit reviewed some of the basic principles established by the federal courts in dealing with the issue that confronts us in this case:

A motion for voluntary dismissal under Rule 41(a)(2) is addressed to the district court's sound discretion and the court's order will not be disturbed unless the court has abused its discretion.

The purpose of the rule is to permit a plaintiff to dismiss an action without prejudice so long as the defendant will not be prejudiced.

Although costs and attorney fees are often imposed upon a plaintiff who is granted a voluntary dismissal under Fed. R.Civ.P. 41(a)(2), no circuit court has held that payment of the defendant's costs and attorney fees is a prerequisite to an order granting voluntary dismissal. Moreover, several courts have specifically held that such payment is not required.

889 F.2d at 921 (citations omitted).

In determining whether a trial court has abused its discretion the questions we ask are:

1. Did the trial court correctly perceive the issue as one of discretion?
2. Did the trial court act within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it?
3. Did the trial court reach its decision by an exercise of reason?

*Sun Valley Shopping Center v. Idaho Power Co.*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991).

In this case, the trial court indicated both in its order of dismissal and in its reaffirmation of that order following the first appeal to the district judge that the issue of the award of costs and attorney fees was one of discretion. It is true that following the remand from the district judge, the trial court focused on whether Newbold was a prevailing party rather than on whether the dismissal should include an award of costs and attorney fees, or either, under I.R.C.P. 41(a)(2). We do not consider this different focus following the remand to affect the correctness of the trial court's perception that the issue was one of discretion.

The trial court acted within the outer boundaries of its discretion and consistently with the legal standards applicable to the specific choices available to it. The award of costs and attorney fees, or either, is not a prerequisite to an order granting voluntary dismissal pursuant to I.R.C.P. 41(a)(2). The trial court was free to either grant or not grant costs and attorney fees on dismissal.

The trial court reached its decision by an exercise of reason. In denying costs and attorney fees in the order of dismissal, the trial court said that it was "not economically feasible to pursue the case, and likely if the case was pursued, each party would be required to pay their own attorney's fees and costs." We have not been presented with any record of discussions held between the trial court and counsel in conjunction with the trial court's consideration of the motion to dismiss on the morning of trial. Apparently, no evidence was presented on the merits of the case or on the basis for the proposed dismissal. Therefore, we are unable to assess the basis of the statements made by the trial court in denying the award of attorney fees and costs. The trial court did reach its decision, however, by an exercise of reason and not by mere fiat. Therefore, we accept the exercise of the trial court's discretion in denying costs and attorney fees.

## IV.

### CONCLUSION.

We affirm the denial of costs and attorney fees by the trial court.

We award costs on appeal, but not attorney fees, to the Joneses.

BAKES, C.J., and BOYLE and McDEVITT, JJ., concur.

BISTLINE, Justice, specially concurring.

The majority holds the district court did not abuse its discretion in denying attorneys fees and costs even though the trial judge "focused on whether Newbold was a prevailing party rather than on whether the dismissal should include an award of costs and attorneys fees, or either, under I.R.C.P. 41(a)(2)." We should hold that the trial court was not required to consider the effect of I.R.C.P. 41(a)(2) because that theory was not before it.

Whether the district court properly exercised its discretion under I.R.C.P. 41(a)(2) need not be addressed because that issue was not properly preserved for appeal. As far as one can tell from the record before this Court, the appellant never argued below that she was entitled to recover under that rule. Instead, she claimed attorneys fees and costs under I.R.C.P. 54(d)(1)(B), I.C. § 12–120(1), and I.R.C.P. 68. Thus, it is not surprising that the trial judge failed to focus on the correct legal standard. The appellant did not pursue that theory below.

The majority, however, distorts the abuse of discretion standard by holding the trial court did not abuse its discretion even though it did not apply the correct legal standard. It is inappropriate to conclude under the criteria set forth in *Sun Valley Shopping Center v. Idaho Power*, 119 Idaho 87, 94, 803 P.2d 993, 1000 (1991), that a trial court does not err where it fails to apply the correct rule of law. A court cannot act consistently with the legal standards applicable to the specific choices available to it, unless it has first identified the correct legal standard.

Thus, the proper resolution of the I.R.C.P. 41(a)(2) issue would be to hold the issue has not been preserved by appellant. It is well established that this Court will not consider issues raised for the first time on appeal, unless they concern jurisdiction, are of constitutional magnitude, or argue the failure to state a claim upon which relief may be granted. *Nycum v. Triangle Dairy Co.*, 109 Idaho 858, 862, 712 P.2d 559, 563 (1985). None of those exceptions to the general rule are applicable here.

The trial court properly ruled on the issues actually presented to it and its ruling should be affirmed on only that narrow basis.