## IN THE SUPREME COURT OF THE STATE OF IDAHO
### Docket No. 37437

| | | |
|---|---|---|
| FERN PETERSON, a protected person, through her guardian, PAUL PETERSON, | ) ) ) | |
| Plaintiffs/Respondents, | ) ) | |
| v. | ) ) | |
| PRIVATE WILDERNESS, LLC, an Idaho limited liability company; CECIL DAVIS and YU WEN DAVIS, husband and wife; KEVIN MURRAY and SHERRI MURRAY, husband and wife; and DAVID LAWRENCE, | ) ) ) ) ) ) ) | Pocatello, August 2011<br><br>2012 Opinion No. 59 |
| Defendants/Third-Party Plaintiffs/ Appellants/Cross-Respondents, | ) ) ) | Filed: March 23, 2012 |
| v. | ) ) | Stephen W. Kenyon, Clerk |
| ROBERT and NANCY PETERSON, husband and wife, | ) ) ) | |
| Third-Party Defendants/Respondents/ Cross-Appellants. | ) ) ) ) | |

Appeal from the District Court of the Seventh Judicial District, State of Idaho, Bingham County. Hon. Darren B. Simpson, District Judge.

District court decision, vacated in part, affirmed in part and remanded.

Swafford Law Offices, Chtd., Idaho Falls for appellants. Ronald L. Swafford argued.

Holden, Kidwell, Hahn & Crapo, PLLC, Idaho Falls, for respondent Fern and Paul Peterson. Donald L. Harris argued.

Givens Pursley LLP, Boise, for respondents Robert and Nancy Peterson. Michael P. Lawrence argued.

BURDICK, Chief Justice

This case concerns the district court's grant of a motion for voluntary dismissal of a suit filed by Fern Peterson (Fern) against Cecil and Yu Wen Davis, Kevin and Sherri Murray, David Lawrence, and Private Wilderness, LLC (collectively, Private Wilderness). This also resulted in the dismissal of a third-party complaint filed by Private Wilderness against Robert and Nancy Peterson (the Petersons). In resolving the appeal, we address issues raised by Private Wilderness concerning whether the district court erred when it concluded there was no prevailing party when it granted the voluntary dismissal. We also address the Petersons' cross-appeal, in which they argue that the district court erred in denying their motion for reconsideration of their I.R.C.P. 12(b)(6) and 12(c) motion to dismiss on the basis that it was moot, and by not addressing their pending summary judgment motion at the time of dismissal. We vacate in part and remand, upholding the district court's discretion concluding no prevailing party, but find the court erred by denying the motion for reconsideration.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2005 Fern Peterson agreed to sell a parcel of real property to Cecil and Yu Wen Davis, Kevin and Sherri Murray and David Lawrence. Later, these prospective buyers assigned their interest in the property to Private Wilderness, LLC. Robert and Nancy Peterson own a parcel of real estate that is contiguous to the property purchased by Private Wilderness.

Private Wilderness filed suit (the Easement Case) against the Petersons in June 2006, claiming that it held an easement by implication over their property. The Petersons filed counterclaims for trespass, interference with a prospective economic advantage, and interference with the quiet and peaceful enjoyment of their property.

On December 17, 2007, Fern filed suit (the Mortgage Case) against Private Wilderness seeking to foreclose on Private Wilderness' mortgage and collect the remainder due under a promissory note. Fern claimed that Private Wilderness was in default pursuant to paragraphs 5.3 and 10.6 of the Purchase and Sale Agreement regarding assignment of the agreement and good faith to carry out the purpose of the Agreement, as well as pursuant to paragraphs 5, 17, and 26 of the Mortgage. Private

2

Wilderness filed an answer to the complaint on February 4, 2008. On October 22, 2008, an amended complaint was filed adding a cause of action for injunctive relief seeking to compel Private Wilderness to perform agreed upon obligations. Specifically, Fern sought to compel Private Wilderness to keep the property in good repair, maintain a fish fence pursuant to an agreement with the Idaho Department of Fish and Game and to abate fire risk. Also included in the obligations was an agreement detailed in paragraph 17 of the Mortgage, which prevented transfer of more than ten percent of ownership interest without consent. An answer to the amended complaint was filed on December 11, 2008.

On May 13, 2008, and then on March 20, 2009, the parties to the Easement Case placed stipulations in the record granting Private Wilderness an easement across the Petersons' property. In the first instance, the parties' attorneys stated their agreement on the record, stating that "the current action shall be dismissed with each party to pay their own costs and attorney fees. Each party releases the other from all claims." A judgment was filed in the case in April 2009, with a final judgment filed on June 23, 2009, specifically indicating the "all claims" language: "Each party releases the other from all claims."

Private Wilderness filed a third-party complaint (the Indemnity Case) against the Petersons on June 15, 2009, contending that any breach in the mortgage agreement between Private Wilderness and Fern was a result of the Petersons' intentional interference with Private Wilderness' access and ingress to its property. Included in the Petersons' answer to the third-party complaint was an affirmative defense stating that all claims were barred by the express terms of the parties' stipulation and the judgment entered in the Easement Case. The court allowed the third-party complaint to be joined on August 5, 2009.

On August 11, 2009, the Petersons filed a motion requesting that the trial court dismiss the case and enter a judgment on the pleadings under I.R.C.P. 12(b)(6) and 12(c). The district court denied that motion on November 3, 2009. The Petersons filed a motion for reconsideration of the order denying their motion to dismiss on November 18, 2009. On December 7, 2009, Fern filed a motion for voluntary dismissal of the Mortgage Case pursuant to I.R.C.P. 41(a)(1). On December 9, 2009, the Petersons filed a motion for summary judgment under I.R.C.P. 56(c). On January 5, 2010, the Petersons, having

received no response to their motion for summary judgment from Private Wilderness, filed a request for the district court to enter an order granting summary judgment and an award of attorney fees.

The district court heard both the Petersons' motion for reconsideration and Fern's motion for voluntary dismissal on December 21, 2009. On January 11, 2010, the court granted Fern's motion for voluntary dismissal under I.R.C.P. 41(a)(2), dismissed the Indemnity Case, declined to declare any party to be the prevailing party, and ordered that each party pay its own attorney fees and costs. A judgment to this effect was entered on the same day. On February 22, 2010, Private Wilderness filed its notice of appeal, and on March 12, 2010, the Petersons filed their notice of cross-appeal.

## II. STANDARD OF REVIEW

A district court's decision to grant or deny a motion for reconsideration and its decision for dismissal under Idaho Rule of Civil Procedure 41(a)(2) is reviewed under an abuse of discretion standard. *Parkside Sch., Inc. v. Bronco Elite Arts & Athletics, LLC*, 145 Idaho 176, 178, 177 P.3d 390, 392 (2008); *Straub v. Smith*, 145 Idaho 65, 71, 175 P.3d 754, 760 (2007). In considering whether a district court has abused its discretion this Court examines three issues: (1) whether the court correctly perceived that issue as discretionary; (2) whether the court acted within the boundaries of its discretion and consistent with applicable legal standards; and (3) whether the court reached its decision through an exercise of reason. *Parkside Sch.*, 145 Idaho at 178, 177 P.3d at 392.

> [I.R.C.P. 41(a)(2)] requires all other dismissals to be upon order of the court and upon such terms and conditions as the court deems proper. This provision is discretionary with the trial court *both* as to whether a dismissal should be allowed, as well as to the terms and conditions to be imposed, if allowed. The purpose of the court's discretionary authority under this rule is to insure that the court pays due regard to the interests of both the plaintiff and defendant; dismissal of the plaintiff's action must not unfairly jeopardize the defendant's interests.

*Id*. (internal quotations and citations omitted).

## III. ANALYSIS

### A. The district court abused its discretion in not addressing and granting the Petersons' motion for summary judgment.

Unfortunately, this case is a procedural nightmare due in part to the parties jockeying for attorney fees when all had admitted in one way or another that the

4

underlying Mortgage Case should have been dismissed. In this opinion, we start with what may look like the end and work our way back as we deal with the motion for dismissal of the third-party complaint, the Indemnity Case. The Petersons filed a motion to dismiss and motion for judgment on the pleadings in the Indemnity Case pursuant to Idaho Rules of Civil Procedure 12(b)(6) and 12(c), seeking to dismiss based on the fact that the claims had all been litigated in the Easement Case, where "all claims" had been released. The district court denied the Petersons' motion, finding that the third-party claim was not barred by either the doctrine of *res judicata* or the previous settlement reached in the Easement Case. In its analysis of the claim preclusion issue, the district court focused on the interaction between the Easement Case and the Mortgage Case, finding that the cases did not arise from the same transaction or series of transactions. The Petersons subsequently filed a motion for reconsideration that was followed by a motion for voluntary dismissal in the Mortgage Case by Fern. The district court heard the motions together and later granted the voluntary dismissal, finding the motion for reconsideration to be moot.

The Petersons argue on appeal that the district court should have either granted their motion for reconsideration of their motion to dismiss, or their motion for summary judgment, prior to granting the motion for voluntary dismissal. The basis of the Petersons' argument is that the stipulation of a release of "all claims" in the Easement Case, and the court's confirmation of this release in its judgment for the Easement Case, encompassed the action brought against them in the Indemnity Case. Because the district court included the "all claims" language in its judgment filed June 23, 2009, and the Petersons included it as part of their defense in their answer to the third-party complaint, we agree that the failure to address and grant the motion for summary judgment was an abuse of the court's discretion.

### 1. Claim Preclusion and Issue Preclusion

The doctrine of *res judicata* covers both claim preclusion (true *res judicata*) and issue preclusion (collateral estoppel). Claim preclusion bars a subsequent action between the same parties upon the same claim or upon claims relating to the same cause of action . . . which might have been made. Issue preclusion protects litigants from litigating an identical issue with the same party or its privy. Separate tests are used to determine whether claim preclusion or issue preclusion applies. *Res judicata* serves

5

three fundamental purposes: (1) it preserves the acceptability of judicial dispute resolution against the corrosive disrespect that would follow if the same matter were twice litigated to inconsistent results; (2) it serves the public interest in protecting the courts against the burdens of repetitious litigation; and (3) it advances the private interest in repose from the harassment of repetitive claims.

. . .

Five factors are required in order for issue preclusion to bar the relitigation of an issue determined in a prior proceeding: (1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation.

. . .

For claim preclusion to bar a subsequent action there are three requirements: (1) same parties; (2) same claim; and (3) final judgment.

*Ticor Title Co. v. Stanion*, 144 Idaho 119, 123-24, 157 P.3d 613, 617-18 (2007) (internal quotations and citations omitted).

For purposes of the claim and issue preclusion, we hold that the claims of the Indemnity Case arise from, and, therefore should be compared to claims from the Easement Case. In the Indemnity Case, Private Wilderness sought indemnification from the Petersons for any damages it may have been liable for in the Mortgage Case arising out of the issues related to the litigation over the easement. Part of the Easement Case was an action by Private Wilderness against the Petersons seeking to recover for an easement Private Wilderness believed the Petersons had wrongfully interfered with, and now, in the Indemnity Case, Private Wilderness seeks to be indemnified for any such wrongful interference. An indemnity is a duty to make good any loss, damage, or liability incurred by another. *Black's Law Dictionary* 784 (8th Ed. 2004). The Indemnity Case is a request to recover any damages assessed against Private Wilderness—those damages flowing from Private Wilderness's lack of access that may have caused them to be in default of the Mortgage. The indemnification suit is a form of recovery arising from the dispute over access to Private Wilderness' property. Private Wilderness stated

6

that the "action stems" from the lack of "free . . . and reasonable access."  Therefore, it is a "claim" arising out of the Easement Case.

As a "claim" arising out of the Easement Case, it meets all of the requirements for issue and claim preclusion.  Private Wilderness had a full and fair opportunity to litigate the issue in the Easement Case; when the parties agreed and the judgment expressed that the parties released each other from all claims, all conceivable issues were encompassed and decided, therefore by nature of the inclusive language encompassing the issue that would become the focus in the Indemnity Case.  Additionally, a final judgment was filed in the Easement Case that included the "all claims" language and Private Wilderness was a party in the Easement Case.  Similarly, the claim involved both parties, Private Wilderness and the Petersons, by nature of the agreement reached, the same claim was before the court, and there was the final judgment in the Easement Case.

Subsequent to finding a difference in the connection between the Indemnity Case and the Easement Case for preclusion purposes, the district court focused solely on the Mortgage Case when it denied the Petersons' motion to dismiss.  The district court looked at what was sought in the Easement Case and not the final judgment declaring "all claims" in the Easement Case settled between the parties, and concluded simply that the initially sought easement in the Easement Case was "not the same" as the wrongful interference of the easement in the Indemnity Case.  The district court then turned to the Mortgage Case, focusing on issues from the amended complaint that did not appear until after the agreement between the parties in the Easement Case first appeared.[1]  "[T]he mortgage dispute . . . did not arise out of the same transaction or series of transactions as those in the [Easement Case]."  The district court looked to the Mortgage Case to conclude that the Indemnity Case and the Easement Case were distinct lawsuits.  But what it comes down to, and what the record makes clear, is that all claims were related to the issues settled in the Easement Case.  Even Fern realized this as she at one point filed a motion to alter the pretrial schedule in the Mortgage Case to reset the case until the easement question could be tried or settled.  Private Wilderness' counsel stated during the original hearing for Petersons' motion to dismiss that the Mortgage Case and the

---

[1] The issue of failure to maintain was part of the amended complaint that was entered October 22, 2008, in the Mortgage Case after the first stipulation in the Easement Case was reached on May 14, 2008.

Indemnity Case stem from the activities litigated in the Easement Case flowing from the lack of access. "[T]he action stems from activities . . . which occurred when [the Petersons] denied [Private Wilderness] free . . . and reasonable access . . . ." Although Private Wilderness argued intent and ambiguity in relation to the stipulation reached, the final judgment in the Easement Case unequivocally states that all claims were released between the parties.

Procedurally, the district court took into consideration the Easement Case when it denied the Petersons' motion to dismiss. Judicial notice of another case file is inappropriate procedure where a 12(b)(6) standard is used within a trial court's analysis. *Taylor v. McNichols*, 149 Idaho 826, 832-33, 243 P.3d 642, 648-49 (2010) (in considering a Rule 12(b)(6) motion, trial court has no right to take judicial notice of anything outside of the complaint and facts of common knowledge). However, under *Taylor*, where a 12(b)(6) standard is inappropriate, as it was here, this Court can review the record presented on a summary judgment basis *de novo*. *Id*; see also I.R.C.P. 12(b) ("If . . . matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment . . . ."). Accordingly, upon review of the record, this Court finds that the Petersons are entitled to summary judgment based upon judicial notice of the Easement Case.

### B. The district court acted within the boundaries of its discretion when it declared no prevailing party when granting Fern's motion for voluntary dismissal under I.R.C.P. 41(a)(2).

Next at issue is Private Wilderness' contention that the district court acted beyond the boundaries of its discretion when it failed to name a prevailing party in the Mortgage Case when it granted the voluntary dismissal. Private Wilderness argues that it should have been declared the prevailing party; that Fern should have been ordered to pay Private Wilderness' attorney fees; and that the failure to do so unfairly jeopardized Private Wilderness' interests. We disagree and find that the district court acted within its discretion.

On appeal, Private Wilderness cites to this Court's decision in *Parkside Schools*, in support of its contention that the failure to determine a prevailing party or award attorney fees in the granting of an I.R.C.P. 41(a)(2) motion for voluntary dismissal may be deemed an abuse of discretion. However, the facts in *Parkside Schools* are quite

distinct from the facts before this Court here. In *Parkside Schools*, one party made a motion for voluntary dismissal and that motion failed to provide notice of whether a hearing was being sought on that motion, as is required under I.R.C.P. 7(b)(3)(A). 145 Idaho at 178–79, 177 P.3d at 392–93. The district court nevertheless granted the motion for voluntary dismissal a mere three days after it was filed. *Id*. at 179, 177 P.3d at 393. This Court reversed the district court on appeal, finding that the failure to comply with I.R.C.P. 7(b)(3)(A) when granting the I.R.C.P. 41(a)(2) motion constituted an abuse of discretion and deprived the non-moving party the opportunity to argue in favor of an award of attorney fees and costs. *Id*. Thus, this Court in *Parkside Schools* did not find that the district court abused its discretion in not determining a prevailing party or awarding attorney fees when ordering the voluntary dismissal, but rather in depriving one party of due process under I.R.C.P. 7(b)(3)(A). In contrast, here Private Wilderness was given a full opportunity to argue before the district court that it should be declared the prevailing party and awarded attorney fees, and has not suffered a similar deprivation.

Private Wilderness devotes much of its briefing to arguing that the district court erred in not properly conducting a prevailing party analysis and an associated determination of entitlement to attorney fees and costs. However, as this Court said in *Jones v. Berezay*, when determining the terms and conditions of dismissal under I.R.C.P. 41(a)(2), a trial court's discretion is not circumscribed by the prevailing party analysis contained in other statute or rules. 120 Idaho 332, 335, 815 P.2d 1072, 1075 (1991). "The award of costs and attorney fees, or either, is not a prerequisite to an order granting voluntary dismissal pursuant to I.R.C.P. 41(a)(2). The trial court was free to either grant or not grant costs and attorney fees on dismissal." *Id*. at 336, 815 P.2d at 1076. Finally, this discretion is acceptable only where the interests of the defending party are taken into consideration and are found to be not prejudiced. *See id.*

Although Private Wilderness argues that the district court improperly based its determination on its desire to "avoid further litigation . . . and a probable appeal", it is clear from the district court's order granting the motion for dismissal that it exercised appropriate discretion. The court found that, due to the unusual circumstances of the case, it would be difficult to ascertain which party should be deemed the prevailing party on the merits in the Mortgage Case. Fern had moved to dismiss the Mortgage Case not

9

because she believed it had not been meritorious, but because she believed Private Wilderness had come into compliance with the terms of the mortgage based upon the settlement in the Easement Case. For purposes of determining the prevailing party in order to award attorney fees, the district court found that it would have had to conduct a "mini-trial" to again raise the issue of fault from the Easement Case, as the "well-advised settlement" made no finding of liability or fault. The determination that it would have to conduct a "mini-trial" was itself part of the discretionary exercise by the court. This statement regarding the "mini-trial" was a determination of economic infeasibility, much like that used in the decision reached in *Jones*. 120 Idaho at 336, 815 P.2d at 1076. As such, it shows that the district court's decision was reached by an exercise of reason, taking into consideration the interests of the defending party. *See id*. Pursuant to I.R.C.P. 41(a)(2) the district court took into consideration the interests of all parties throughout its decision, ultimately looking at the outcome as closure for each party to avoid further litigation. All parties agreed the Mortgage Case should be dismissed, the only quarrel was attorney fees. Finally, as illustrated in *Jones*, and properly described in *Wood v. City of Lewiston*, I.R.C.P. 41(a)(2) provides a trial court with a "vast power" of discretion. 138 Idaho 218, 227, 61 P.3d 575, 584 (2002). Here, the district court acted within this broad discretion, and accordingly, we uphold its decision regarding the voluntary dismissal and prevailing party determination.

C. **Attorney fees on appeal are appropriate under Idaho Code section 12-120(3) when a party is the prevailing party and has offered proper argument and authority.**

The final issue regards attorney fees on appeal. Each party has provided argument for such fees on appeal. Private Wilderness' request goes no further beyond mere citation to law, including Idaho Code sections 12-120 and 12-121. In such a situation, pursuant to Idaho Appellate Rule 35(a)(6) this Court does not award attorney fees on appeal. *Bagley v. Thomason*, 149 Idaho 799, 805, 241 P.3d 972, 978 (2010). Additionally, since Private Wilderness is not a prevailing party on appeal, no attorney fees can be awarded pursuant to I.C. §§ 12-120 or 12-121. *Lee v. Nickerson*, 146 Idaho 5, 12, 189 P.3d 467, 474 (2008); *Schultz v. Schultz*, 145 Idaho 859, 866, 187 P.3d 1234, 1241 (2008); *Partout v. Harper*, 145 Idaho 683, 690, 183 P.3d 771, 778 (2008).

Fern requests attorney fees on appeal pursuant to the mortgage agreement entered into between Fern and Private Wilderness, and under I.C. §§ 12-120(3), 12-121 and I.A.R. 40 and 41. Under I.C. § 12-120(3), "in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs." A "commercial transaction" encompasses "all transactions except transactions for personal or household purposes." I.C. § 12-120(3). The parties do not dispute that the Mortgage Case involves a commercial transaction. Therefore, since we find that the district court did not abuse its discretion in granting the motion for voluntary dismissal, Fern is the prevailing party on appeal and is awarded fees.

Finally, the Petersons request attorney fees on their cross-appeal, pursuant to I.R.C.P. 54(d)(1) and 54(e)(1), as well as I.C. § 12-121. Idaho Rule of Civil Procedure 54(e)(1) provides that attorney fees may be awarded under I.C. § 12-121 only when a court finds that "the case was brought, pursued or defended frivolously, unreasonably or without foundation . . . ." On appeal, the Supreme Court will take the "entire course of litigation" into account to see if any legitimate issues were presented; one frivolous argument does not lead to fees under I.C. § 12-121 if at least one legitimate issue was raised. *Michalk v. Michalk*, 148 Idaho 224, 235, 220 P.3d 580, 591 (2009). We find that this appeal was not brought, pursued, or defended in a frivolous manner and, therefore, shall not award fees for this appeal to the Petersons at this time. The remaining attorney fee analysis regarding issues between the Petersons and Private Wilderness in the Indemnity Case shall be handled by the district court on remand.

## IV. CONCLUSION

We uphold the discretion of the district court finding no prevailing party and conditions pursuant to I.R.C.P. 41(a)(2) were to be ordered in the dismissal of this case. We reverse the district court's ruling on Robert Peterson's 12(b)(6) motion for judgment on the pleadings on Private Wilderness' cross-claim and remand for determination of attorney fees, if any. Attorney fees on appeal are awarded to Fern Peterson but no attorney fees are awarded on cross-appeal to Robert Peterson. Costs to Robert Peterson. Costs to Fern Peterson.

Justices EISMANN, J. JONES, W. JONES and HORTON, **CONCUR.**

11