177 P.3d 390

**PARKSIDE SCHOOLS, INC., an Idaho corporation, Plaintiff–Respondent,**

v.

**BRONCO ELITE ARTS & ATHLETICS, LLC., an Idaho limited liability company, and Brandon Paine, an individual, Defendants–Appellants.**

**No. 32611.**

Supreme Court of Idaho, Boise, December 2007 Term.

Jan. 28, 2008.

Perkins Coie, LLP, Boise, for appellants. Cynthia L. Yee–Wallace argued.

Bill Smith & Associates, PA, Boise, for respondent. William L. Smith argued.

J. JONES, Justice.

Parkside Schools, Inc. filed suit against Bronco Elite Arts & Athletics, LLC, and its owner, Brandon Paine, (collectively, Bronco Elite) when a lease dispute arose between the parties. After failing to obtain preliminary injunctive relief, Parkside moved to dismiss. The district court granted the motion without a hearing, ordering each party to bear its own costs and attorney fees. Bronco Elite appealed. We vacate the district court's order and remand for further proceedings.

## I.

Bronco Elite leased two building spaces to Parkside for operation of a day care facility. The parties agreed on a separate lease for each space. One of the leases stated, "Tenant shall have the right to extend the term of the lease for (1) period of 1 year. The option may be exercised only by giving written notice thereof to Landlord not later than six months prior to the expiration of the then expiring term." Parkside was required to notify Bronco Elite of its intent to exercise the option by January 1, 2005. The other lease stated, "Tenant shall not have the right to extend the term of the Lease for any period of time." That lease expired on July 1, 2005. Both leases contained a provision requiring the losing party to pay the reasonable attorney fees of the prevailing party in any lease-related legal action.

Parkside failed to exercise its option on the extendable lease. Around February 29,

2005, Bronco Elite delivered two Notice of Lease Expiration letters to Parkside. The letters informed Parkside that both leases were to expire on July 1, 2005. Bronco Elite then leased the spaces to another tenant for a term beginning July 1.

Parkside filed suit, alleging twelve claims against Bronco Elite. Bronco Elite answered and claimed attorney fees. Parkside then filed an application for a temporary restraining order and preliminary injunction, seeking to enjoin Bronco Elite from disrupting its interest in the leased space. The district court denied the injunction, stating Parkside had no basis for injunctive relief.

Parkside's counsel asked Bronco Elite to stipulate to dismiss the action with each party bearing its own costs and legal fees, but Bronco Elite declined, indicating it was considering a motion to recover its attorney fees. Six days later, Parkside filed a motion to dismiss without prejudice. The motion requested that each party bears its own fees and costs. The motion did not indicate on its face whether Parkside desired to present oral argument or to file a brief in support. Parkside did not notice the motion for hearing. The district court dismissed the action without prejudice three days after the motion was served. The dismissal order provided, "each party to bear their own costs and attorney fees." Bronco Elite did not file a memorandum of costs and fees and or a motion for reconsideration. Instead, Bronco Elite appealed the dismissal to this Court.

## II.

The question presented is whether the district court abused its discretion by granting the motion to dismiss Parkside's action without compliance with I.R.C.P. 7(b)(3).

### A.

A trial court's dismissal under I.R.C.P. 41(a)(2) is reviewed under an abuse of discretion standard. *Rohr v. Rohr*, 118 Idaho 689, 692–93, 800 P.2d 85, 88–89 (1990). In reviewing whether the trial court committed an abuse of discretion, this Court considers: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of its discretion and consistent with legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Fox v. Mountain West Elec., Inc.*, 137 Idaho 703, 711, 52 P.3d 848, 856 (2002).

### B.

The district court's dismissal order could not have been based on I.R.C.P. 41(a)(1) because Bronco Elite had answered the complaint and there was no stipulation for dismissal. The dismissal would have been under I.R.C.P. 41(a)(2), which requires all other dismissals to be "upon order of the court and upon such terms and conditions as the court deems proper." This provision "is discretionary with the trial court *both* as to whether a dismissal should be allowed, as well as to the terms and conditions to be imposed, if allowed." *Rohr*, 118 Idaho at 692, 800 P.2d at 88 (quoting *Rohr v. Rohr*, 118 Idaho 698, 702, 800 P.2d 94, 98 (Ct.App. 1989)). "The purpose of the court's discretionary authority under this rule is to insure that the court pays due regard to the interests of both the plaintiff and defendant; dismissal of the plaintiff's action must not unfairly jeopardize the defendant's interests." *Id.*

It is clear that Parkside failed to comply with applicable provisions of I.R.C.P. 7(b)(3) and the district court ignored those provisions, thereby abusing its discretion. As a result, Bronco Elite's interests, particularly its right to an opportunity to be heard on the question of attorney fees, were disregarded.

I.R.C.P 7(b)(3)(A) provides, "A written motion, other than one which may be heard ex parte, and notice of the hearing thereon shall be filed with the court, and served so that it is received by the parties no later than fourteen (14) days before the time specified for the hearing." *Id.* Thus, Parkside was required to provide Bronco Elite with at least 14 days' notice of the hearing on the motion to dismiss. It did not do so.

Parkside was also required to indicate on the face of the motion whether it desired to

present oral argument or file a brief in support of its motion. I.R.C.P. 7(b)(3)(C) states,

> It shall not be necessary to file a brief or memorandum of law in support of a motion, but the moving party *must* indicate upon the face of the motion whether the party desires to present oral argument or file a brief within fourteen (14) days with the court in support of the motion.

*Id.* (emphasis added). Again, it failed to do so. Parkside's failure to notice the motion for a hearing and to make the required notations on its motion prejudiced Bronco Elite because Bronco Elite had no chance to oppose the motion. And while Bronco Elite gained the end it desired—dismissal of the action—it had no opportunity to argue in favor of an award of attorney fees.

The district court compounded these failures by simply overlooking them. Only three days after Parkside's motion to dismiss was served, the court granted the motion via an order apparently prepared by Parkside. In doing so, the district court exceeded its authority. I.R.C.P. 7(b)(3)(D) provides,

> If the moving party does not request oral argument upon the motion, and does not file a brief within fourteen (14) days, the court may deny such motion without notice if the court deems the motion has no merit. If argument has been requested on any motion, the court may, in its discretion, deny oral argument by counsel by written or oral notice to all counsel before the day of the hearing, and the court may limit oral argument at any time.

*Id.* The rule provides authority to deny a motion under the specified circumstances. It does not give the court authority to *grant* a motion, nor does it excuse compliance with I.R.C.P. 7(b)(3)(A) and (C). Thus, the district court acted in excess of its authority in granting the motion. We therefore vacate the order.

## III.

Bronco Elite seeks attorney fees on appeal under I.A.R. 41(a). However, it neither submits legal argument in support of its request, nor specifies the statute or contractual provision pursuant to which an award of fees would be available. "As we have long held and oft repeated, Idaho Appellate Rule 41 does not provide an independent basis for attorney fees on appeal because it is a procedural rule." *Ater v. Idaho Bureau of Occupational Licenses,* 144 Idaho 281, 286, 160 P.3d 438, 443 (2007). Therefore, fees are denied.[1]

## IV.

We vacate the district court's order of dismissal and remand for further proceedings consistent with this opinion.

Chief Justice EISMANN, and Justices BURDICK, HORTON and Justice Pro Tem KIDWELL concur.

---

1. Bronco Elite could have also taken more prudent steps to protect its interests below. It neither filed a memorandum of costs and fees nor sought reconsideration of the district court's order. The appropriate course of action was followed in a somewhat similar case recently decided by this Court—*Straub v. Smith,* 2007 WL 4209361, November 30, 2007. There, after a case was dismissed with prejudice and without fees, the prevailing defendant filed both a memorandum seeking costs and fees as well as a motion for reconsideration.