## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 42165-2014

| | | |
|---|---|---|
| JUDY L. CHARNEY, | ) | |
| | ) | **Boise, June 2015 Term** |
| Plaintiff-Respondent, | ) | |
| | ) | **2015 Opinion No. 59** |
| v. | ) | |
| | ) | **Filed: June 23, 2015** |
| DENNIS M. CHARNEY, | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, in and for Ada County. Hon. Michael R. McLaughlin, District Judge, and Hon. David E. Day, Magistrate Judge.

The judgment of the district court is <u>affirmed</u>.

Tricia K. Soper, Mark D. Perison P.A., Boise, argued for appellant.

James A. Bevis, Bevis, Thiry & Schindele P.A., Boise, argued for respondent.

_____

EISMANN, Justice.

This is an appeal out of Ada County from the award of attorney fees in a contempt proceeding which was dismissed without prejudice at the request of the party who initiated the proceeding. We affirm the award of attorney fees and award attorney fees on appeal.

### I.
### Factual Background.

On March 21, 2012, Judy L. Charney (Judy) and Dennis M. Charney (Dennis) were divorced. On May 11, 2012, Dennis commenced contempt proceedings against Judy alleging four counts of contempt for allegedly violating provisions of the property settlement agreement, which was incorporated into the judgment. On June 8, 2012, Dennis filed an amended motion to add a fifth count for contempt. Judy denied the allegations of contempt, and the matter was set for an evidentiary hearing to commence on April 11, 2013.

On March 28, 2013, Dennis filed a motion to dismiss the contempt proceedings, which was heard on April 9, 2013. The magistrate court asked Judy's attorney whether there was any objection to the motion, and he stated that there was not, but it should be dismissed with prejudice. The court stated that the dismissal would be without prejudice unless the parties agreed that it was with prejudice. Dennis's attorney stated that he did not anticipate the contempt proceedings being refiled, but did not have the authority to agree to a dismissal with prejudice. The court then stated that the dismissal would be without prejudice. The court entered an order dismissing the contempt proceedings the following day.

On April 17, 2013, Judy filed a motion seeking an award of attorney fees and costs. She sought an award of attorney fees pursuant to Idaho Code sections 7-610, 12-121, and 12-123. Dennis timely objected, and the matter was argued on July 16, 2013. The following day, the magistrate court entered a judgment finding that Judy was the prevailing party in the contempt proceedings and awarding her attorney fees in the sum of $8,867.50 pursuant to Idaho Code sections 7-610 and 12-123 and court costs in the sum of $108.60, for a total of $8,976.10.

Dennis appealed to the district court, challenging the award of attorney fees. After briefing and argument, the district court on April 14, 2014, entered a decision on appeal affirming the magistrate court's award of attorney fees. On May 27, 2014, Dennis appealed that affirmance to this Court.

While still before the district court Judy had requested an award of attorney fees on appeal, to which Dennis objected. After argument, the district court entered an order awarding Judy attorney fees on appeal in the sum of $9,297.50.

On June 25, 2014, Dennis filed a motion for reconsideration. That motion was heard on September 3, 2014, by the Hon. Gerald F. Schroeder, Senior District Judge. On September 4, 2014, the district court entered an order denying the motion for reconsideration.

## II.
**Did the District Court Err in Affirming the Magistrate Court's Award of Attorney Fees Pursuant to Idaho Code section 7-610?**

The magistrate court awarded Judy attorney fees pursuant to Idaho Code section 7-610, which provides that in a contempt proceeding, "the court in its discretion, may award attorney's fees and costs to the prevailing party." Rule 822 of the Idaho Rules of Family Law Procedure

2

provides, "Actions for contempt shall be governed by Rule 75, Idaho Rules of Civil Procedure." Rule 75(m) of the Idaho Rules of Civil Procedure states:

> In any contempt proceeding, the court may award the prevailing party costs and reasonable attorney fees under Idaho Code § 7-610, regardless of whether the court imposes a civil sanction, a criminal sanction, or no sanction. The procedure for awarding such costs and fees shall be as provided in Rule 54(e) of the Idaho Rules of Civil Procedure, except that the determination of the prevailing party shall be based upon who prevailed in the contempt proceeding rather than in the civil action as a whole.

Rule 54(e)(1) states that the court "may award reasonable attorney fees, which at the discretion of the court may include paralegal fees, to the prevailing party or parties as defined in Rule 54(d)(1)(B)." That rule provides that "in determining which party is the prevailing party, the trial court shall in its sound discretion consider the final judgment or result of the action in relation to the relief sought by the respective parties." I.R.C.P. 54(d)(1)(B). The trial court may also decide, in its sound discretion, that a party only prevailed in part and apportion the costs between or among the parties.

In making a determination of whether a trial court abused its discretion, this Court considers: (1) whether the trial court correctly perceived the issue as one of discretion; (2) whether the trial court acted within the boundaries of this discretion and consistent with the legal standards applicable to the specific choices available to it; and (3) whether the trial court reached its decision by an exercise of reason. *Rockeller v. Grabow*, 139 Idaho 539, 545, 82 P.3d 450, 457 (2003). Dennis argues that the district court erred in holding that the magistrate court did not abuse its discretion in making an award of attorney fees for several reasons.

First, Dennis argues that the magistrate court did not act consistent with the applicable legal standards because, as a matter of law, Judy cannot be the prevailing party where the contempt proceedings were dismissed without prejudice. This Court has not directly addressed whether a defendant can be a prevailing party in an action dismissed without prejudice, but that was certainly the basis of this Court's decision in *Parkside Schools, Inc. v. Bronco Elite Arts & Athletics, LLC*, 145 Idaho 176, 177 P.3d 390 (2008). Parkside Schools was leasing two building spaces from Bronco Elite under separate leases. *Id.* at 177, 177 P.3d at 391. Parkside Schools had an option to extend the term for one of the leases, but failed to timely exercise that option.

3

*Id.* In February 2005, Bronco Elite gave notice that both leases would expire on July 1, 2005, and it leased the spaces to another tenant beginning on that date. *Id.* at 178, 177 P.3d at 392.

Parkside Schools filed a lawsuit and sought a temporary restraining order and preliminary injunction to retain possession of the leased space. *Id.* After an evidentiary hearing, the district court denied the requested relief because Parkside Schools had no basis for injunctive relief. *Id.*

Parkside Schools asked Bronco Elite to stipulate to a dismissal of the action with each party to bear its own court costs and attorney fees, but Bronco Elite refused, stating that it was considering seeking an award of attorney fees. *Id.* Six days later, Parkside Schools filed a motion to dismiss the case without prejudice and requested that each party bear its own court costs and attorney fees. *Id.* The motion did not include a request for oral argument, nor was it accompanied by a brief. Three days later, the district court dismissed the lawsuit without prejudice. *Id.* The dismissal order stated that each party would bear its own court costs and attorney fees. *Id.* Bronco Elite then appealed. *Id.*

This Court vacated the order of dismissal and remanded the case. *Id.* at 179, 177 P.3d at 393. This Court did not hold that the district court erred in dismissing the case without prejudice. Rather, we found that it erred in doing so without giving Bronco Elite an opportunity to request an award of attorney fees. We stated: "It is clear that Parkside failed to comply with applicable provisions of I.R.C.P. 7(b)(3) and the district court ignored those provisions, thereby abusing its discretion. As a result, Bronco Elite's interests, *particularly its right to an opportunity to be heard on the question of attorney fees*, were disregarded." *Id.* at 178, 177 P.3d at 392 (emphasis added). If, as a matter of law, attorney fees could not be awarded to a defendant when an action is dismissed without prejudice, there would have been no reason for this Court to set aside the district court's order and remand the case.

A trial court has discretion to determine whether there is a prevailing party. *Bream v. Benscoter*, 139 Idaho 364, 368, 79 P.3d 723, 727 (2003). A court can determine that a party is a prevailing party even when the proceedings against the party are dismissed without prejudice. That dismissal terminates the proceedings against that party.

Second, Dennis contends that the magistrate court had misperceived the law when it stated, "Mr. Charney could not bring these motions again because all of them involve allegations of criminal contempt that took place more than a year ago. So, the statute of limitation [sic] would prevent him from refiling them, if nothing else." Dennis argues that the contempt

4

proceedings were seeking civil contempt sanctions and there is no statute of limitations for civil contempt, citing *State v. Schorzman,* 129 Idaho 313, 924 P.2d 214 (1996).

The allegations of contempt were based upon alleged violations of the parties' property settlement agreement, which was merged into the divorce decree. For simplicity, we will refer to the allegations as being violations of the property settlement agreement.

Count One of the motion for contempt alleged that Judy had violated the property settlement agreement by failing to pay a landscaping debt that was her obligation. According to Dennis, the property settlement agreement required Judy "to pay all bills in her name." This specific debt was apparently not explicitly listed as one she was obligated to pay. The creditor's invoice dated November 25, 2011, had Judy's name on it, and the amount of the debt was $1,472. Dennis stated that both parties were aware of the debt when they entered into the property settlement agreement. Judy contended that the landscaping company had performed landscaping for them for years and her name was on the bill because she was the one who initially contacted the company years earlier. She stated that the majority of the unpaid balance of the bill was for trees that Dennis had ordered during the marriage, over her objection, in order to block the view of their neighbor's house. She said that he had made payments on the bill until the summer of 2011, and that prior to the parties entering into the property settlement agreement, her attorney sent his attorney a letter dated January 13, 2012, which stated, "Finally, I need your assurance that he has paid the landscaping bill and if he has not then I will take legal recourse."

Whether Dennis or Judy was to pay the bill was never resolved, nor was it resolved as to whether paying bills in one's name meant either bills incurred by that party or whatever bills the creditor chose to list as owing by that party. For the purposes of this appeal, we need not decide whether an order that each party pay the bills in that party's name, where the specific bills are not identified or that term is not specifically defined, is definite enough to be punishable as criminal contempt if it is determined to have been violated. *International Longshoremen's Ass'n, Local 1291 v. Philadelphia Marine Trade Ass'n*, 389 U.S. 64, 76 (1967) (contempt cannot be based upon the violation of a decree that was not specific enough to inform those who were to obey what the court intended to require and what it intended to forbid).

Counts Two through Four of the motion for contempt involved the allegation that Judy violated the property settlement agreement that prohibited her from impairing Dennis's credit and required that if she did so she must take all reasonable and necessary steps to undo the

damage. In June 1995, both parties signed an application for a credit card. Only Judy used the credit card during their marriage, and both parties averred that by the time of the divorce they had forgotten that Dennis was also obligated on the credit card. Judy continued using the credit card after the divorce. Dennis contracted to purchase a house that was to close in May 2012, and the unpaid balance of the credit card was reported on his credit report. The mortgage broker who was assisting Dennis told him that to obtain financing he needed to close the account. On May 3, 2012, Dennis closed the account, and on the same date Judy paid the outstanding balance of $400 in full. The mortgage broker also stated that Judy needed to submit a letter stating that the payments on the credit card were made by her, not by Dennis. On May 4, 2012, Judy provided the requested letter.

Assuming that the provision of the property settlement agreement that prohibited Judy from impairing Dennis's credit rating was specific enough to inform Judy that her alleged conduct was prohibited, only a criminal contempt sanction could be imposed if she were found in contempt. "If the contempt involves doing what the court ordered the contemnor not to do, then under Idaho law the court can only impose a criminal contempt sanction-a determinate fine and/or a determinate jail sentence." *Camp v. East Fork Ditch Co., Ltd*., 137 Idaho 850, 864-65, 55 P.3d 304, 318-19 (2002).[1] Assuming that the provision of the property settlement agreement that required Judy to take any and all reasonable steps to reinstate Dennis's credit rating was specific enough to require the actions that she was asked to take, all of those actions were completed before Dennis filed his motion for contempt. The account was closed, the balance paid, and the requested letter provided. "A civil contempt sanction may be imposed '[w]hen the contempt consists in the omission to perform an act which is yet in the power of the person to perform.' " S*tate Dept. of Health and Welfare v. Slane*, 155 Idaho 274, 278, 311 P.3d 286, 290 (2013) (quoting Idaho Code section 7-611). Because the allegedly required acts had already been performed, the magistrate court could not have imposed a civil sanction. Only a criminal contempt sanction could have been imposed.

Count Five of the motion for contempt involved a Costco membership card. Judy had a Costco membership before the parties were married. The membership must be renewed

---

[1] Under Idaho law, the court in a contempt proceeding does not have the authority to order the contemnor to pay damages to the complainant. *Nordick v. Sorensen*, 81 Idaho 117, 338 P.2d 766 (1959); *Levan v. Richards*, 4 Idaho 667, 43 P. 574 (1896).

annually, and in 2004 it was renewed under the name "Judy Charney, Law Office of Dennis Charney." Judy used the card during the marriage, and she averred that to her knowledge it was never used by the law office. In March 2013, Judy had the annual dividend voucher issued in her name and used it to renew the membership for another year. Dennis alleged that Judy should be held in contempt for misappropriating an asset awarded to him. At some point, Judy gave the Costco membership card to Dennis. Again, only a criminal contempt sanction could have been imposed. If the alleged contempt was misappropriating the annual dividend voucher, it was doing what she had been ordered not to do, for which only a criminal contempt sanction could have been imposed. If the alleged contempt was failing to deliver the membership card to Dennis, it has been delivered to him, and so only a criminal contempt sanction could have been imposed. Thus, for four of the five counts of contempt, only a criminal contempt sanction could have been imposed.

The United States Supreme Court has held that "[t]he power to punish for contempt must have some limit in time." *Gompers v. U.S.*, 233 U.S. 604, 612 (1914). *Accord Pendergast v. U.S.*, 317 U.S. 412, 418 (1943) ("Certainly the power to punish contempts in the 'presence' of the court, like the power to punish contempts for wilful violations of the court's decrees 'must have some limit in time.'"). In *Gompers* and *Pendergast*, both of which arose in federal court, the Supreme Court held applicable to criminal contempt a federal statute of limitations that applied to any person "prosecuted, tried, or punished for any offense, not capital." *Gompers*, 233 U.S. at 611; *Pendergast*, 317 U.S. at 417. In *Bloom v. State of Ill.*, 391 U.S. 194 (1968), an appeal from a criminal contempt sanction imposed by a state court, the Supreme Court stated that "a defendant in criminal contempt proceedings is . . . entitled to the protection of the statute of limitations," *id*. at 205 n.7, but the Court did not address how that would apply if the state did not have a statute of limitations applicable to criminal contempt proceedings.

In Idaho, the crime of contempt is a misdemeanor, I.C. § 18-1801, and the statute of limitations for that misdemeanor is one year from the date of its commission, I.C § 19-403(1). Therefore, absent legislative action, we hold that a criminal contempt sanction cannot be imposed for contempt unless the contempt proceedings are initiated within one year of the commission of the contempt. The magistrate court's reference to the statute of limitations for criminal contempt did not constitute an abuse of discretion regarding its decision to award attorney fees under Idaho Code section 7-610.

7

Finally, Dennis argues that there was no final judgment, apparently meaning that there was no decision on the merits. In the *Parkside Schools* case, there was also no decision on the merits. We still remanded the case so that the defendant could request an award of attorney fees. Although Rule 54(a) is not applicable to orders in contempt proceedings,[2] it states: "A judgment shall state the relief to which a party is entitled on one or more claims for relief in the action. Such relief can include dismissal with or without prejudice." Thus, a judgment includes a dismissal without prejudice. The rule also states, "A judgment is final if either it has been certified as final pursuant to subsection (b)(1) of this rule or judgment has been entered on all claims for relief, except costs and fees, asserted by or against all parties in the action." A dismissal of all claims for relief without prejudice would be a final judgment. A final judgment in a civil action does not require a decision on the merits; it would include a dismissal of all claims for relief without prejudice. By analogy, the order dismissing the contempt proceedings without prejudice is also a final order with respect to those proceedings.

The magistrate court did not abuse its discretion in awarding attorney fees to Judy pursuant to Idaho Code section 7-610. Therefore, the district court did not err in affirming that award.

## III.
### Did the District Court Err in Failing to Address the Magistrate Court's Alternative Basis for an Award of Attorney Fees?

The magistrate court awarded Judy attorney fees in the sum of $8,867.50 on two grounds—Idaho Code sections 12-123 and 7-610. If a lower court makes a ruling on two alternative grounds, even if the court erred with respect to one ground the ruling will be upheld on the alternative ground. *State v. Grazian*, 144 Idaho 510, 517-18, 164 P.3d 790, 797-98

---

[2] Rule 54(a) of the Idaho Rules of Civil Procedure states:

> A judgment shall state the relief to which a party is entitled on one or more claims for relief in the action. . . . A judgment is final if either it has been certified as final pursuant to subsection (b)(1) of this rule or judgment has been entered on all claims for relief, except costs and fees, asserted by or against all parties in the action.

A "claim for relief" in an action is set forth in a pleading. I.R.C.P. 8(a)(1). The pleadings are a complaint, an answer, a reply to a counterclaim, an answer to a cross-claim, and an answer to a third-party complaint. I.R.C.P. 7(a). Nonsummary contempt proceedings instituted by a party "must be commenced by a motion and affidavit." I.R.C.P. 75(c)(2). A motion is not a pleading. I.R.C.P. 7(b)(1).

(2007). We have upheld the award of attorney fees pursuant to Idaho Code section 7-610. Therefore, whether the award was erroneous on the alternative ground of Idaho Code section 12-123 is irrelevant.

## IV.
## Did the District Court Err in Awarding Judy Attorney Fees on Appeal?

Dennis contends that the district court erred in awarding Judy attorney fees on the appeal to it because she did not comply with Idaho Appellate Rules 35(b)(5) and 41. The appeal to the district court was pursuant to Idaho Rule of Civil Procedure 83. Rule 83(v) states, "Briefs shall be in the form and arrangement . . . provided by rules for appeals to the Supreme Court unless otherwise ordered by the district court." Idaho Appellate Rule 35 states, "The brief of the appellant shall contain the following divisions under appropriate headings." One of the listed headings is "Attorney Fees on Appeal." I.A.R. 35(b)(5).

In the section of her brief on appeal titled "RESPONDENT'S REQUEST FOR ATTORNEYS FEES ON APPEAL," Judy requested an award of attorney fees under several statutes, but she did not request an award of attorney fees pursuant to Idaho Code section 7-610. However, in the section of her brief titled "CONCLUSION," she requested that attorney fees be awarded to her under that statute. In his reply brief on appeal to the district court, Dennis did not challenge Judy's request for an award of attorney fees on appeal pursuant to Idaho Code section 7-610. He did not contend that it was not properly requested, or in the wrong section of her brief, or unsupported by argument or authority.

After the district court issued its decision on appeal, Judy filed a memorandum and affidavit for attorney fees, in which she again cited section 7-610 as a basis for the award of attorney fees. Dennis objected on the ground that Judy did not request an award of attorney fees under that statute in her first appellate brief as required by Idaho Appellate Rule 41. During oral argument on that issue, Judy's attorney pointed out the pages of her brief on which she had requested an award of attorney fees under Idaho Code section 7-610. Counsel for Dennis then stated:

> Mr. Bevis is correct in that 7-610 was cited in the brief. It was cited in the conclusion. Very conclusory. There was absolutely no authority in which it was discussed in the attorney's fees section. It did not have any—really even any argument to it. There was a seven-page section of their attorney's fees briefing,

9

and not one time was it mentioned. It wasn't supported in any way. It was cited—it was mentioned a lot of times in the context of what the trial court did. *But that's not the issue here today.*

(Emphasis added.)

On an appeal from the district court sitting as an intermediate appellate court, this Court will not consider issues that were not raised before the district court. *State v. Sheahan*, 139 Idaho 267, 77 P.3d 956 (2003); *Cooper v. Bd. of Prof'l Discipline of the State Bd. of Med.*, 134 Idaho 449, 4 P.3d 561 (2000); *Stonecipher v. Stonecipher*, 131 Idaho 731, 963 P.2d 1168 (1998). The only objection raised in the district court was that Judy did not request attorney fees pursuant to section 7-610 in her appellate brief. After the place where that request was made was pointed out by Judy's attorney, Dennis's attorney admitted that Judy had requested attorney fees under section 7-160.

Assuming that Dennis also asserted that the request "was not supported in any way," Judy's brief on appeal to the district court stated: "Since this appeal is from an award of attorneys fees and there was no abuse of discretion, attorneys fees should now be awarded on appeal for the same reasons granted below, I.C., § 7-610 . . . . Merely second guessing the trial court is not a proper ground for appeal." That statement certainly includes a citation to authority (Idaho Code section 7-610) and argument (attorney fees were awarded below under that statute and the appeal only second guesses the trial court). Dennis has failed to show that the district court abused its discretion in awarding Judy attorney fees on appeal pursuant to Idaho Code section 7-610.

## V.
### Did the District Court Err in Denying Dennis's Motion for Reconsideration?

After District Judge McLaughlin made an award of attorney fees on appeal to the district court, Dennis filed a motion for reconsideration. Senior District Judge Gerald Schroeder was assigned to hear that motion. After hearing argument on the motion for reconsideration, Judge Schroeder stated that he declined to reconsider the order made by Judge McLaughlin. Dennis argues that Judge Schroeder abused his discretion in failing to reconsider the order.

The appeal to the district court was pursuant to Idaho Rule of Civil Procedure 83. Subsection (x) of that rule states: "Any appellate procedure not specified or covered by these

rules shall be in accordance with the appropriate rule of the I.R.C.P. or the I.A.R. to the extent the same is not contrary to this Rule 83." I.R.C.P. 83(x). Appeals from the magistrate court to the district court are heard as an appellate proceeding, but the district court can order a trial de novo if there is an inadequate record of the proceedings in the magistrate court. I.R.C.P. 83(b). If the district court orders a trial de novo, then the Idaho Rules of Civil Procedure will apply. If the district court hears the appeal as an appellate proceeding, then the Idaho Appellate Rules will apply to the extent that they are not in conflict with Rule 83.

Rule 83 does not provide for a motion for reconsideration of an appellate decision by the district court, and neither do the Idaho Appellate Rules. However, Idaho Appellate Rule 41 provides for a petition for rehearing. Thus, the motion for reconsideration should be considered as a petition for rehearing. An appellate court is not required to issue an opinion or explain its reason for denying rehearing. Whether to grant or deny rehearing is entirely within the appellate court's unbridled discretion. Therefore, Judge Schroeder did not err in denying rehearing.

## VI.
### Is Either Party Entitled to an Award of Attorney Fees on Appeal?

Both parties request an award of attorney fees on appeal pursuant to Idaho Code section 7-610. Because Dennis is not the prevailing party on appeal, he is not entitled to an award of attorney fees. Judy is the prevailing party on appeal, and we award her attorney fees on appeal.

## VI.
### Conclusion.

We affirm the decision of the district court and we award respondent costs and attorney fees on appeal.

Justices J. JONES, W. JONES, and Justices Pro Tem WALTERS and KIDWELL **CONCUR.**