**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47988**

| | |
|---|---|
| CELESTE HALL, | ) |
| | ) **Filed: February 24, 2021** |
| Petitioner-Appellant, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| ANTHONY CHAVES, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Respondent. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Gerald F. Schroeder, District Judge. Hon. Laurie A. Fortier, Magistrate.

Decision of the district court, on intermediate appeal from the magistrate division, affirming judgment for five counts of contempt, affirmed; decision of the district court, on intermediate appeal from the magistrate division, affirming judgment awarding costs and attorney fees, affirmed.

Anthony Geddes, Ada County Public Defender; Karen L. Jennings, Deputy Public Defender, Boise, for appellant.

Erika K. Klein of Cosho Humphrey, LLP, Boise, for respondent.

_____

LORELLO, Judge

Celeste Hall appeals from a decision of the district court, on intermediate appeal from the magistrate division, affirming a judgment for five counts of contempt and the decision of the district court, on intermediate appeal from the magistrate division, affirming a judgment awarding costs and attorney fees. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Hall and Anthony Chaves are the parents of a minor child. For the first decade of the child's life, several court judgments and parenting coordinator decisions governed the child's

1

custody, visitation, and support. In 2019, Chaves filed a motion for contempt and a supporting declaration, alleging five counts of contempt against Hall for the willful violation of various provisions of the judgments and parenting coordinator decisions. During her arraignment, Hall made an oral motion to dismiss the motion for contempt, arguing that the motion failed to provide adequate notice of how she had committed contempt of court. The magistrate court denied Hall's motion, concluding that Chaves's declaration contained sufficiently specific allegations to provide constitutionally adequate notice.

The contempt action proceeded to an evidentiary hearing. During the hearing, the magistrate court sustained multiple foundational and hearsay objections by Chaves to Hall's attempts to testify about statements by Chaves's wife and interactions between the child and Chaves's stepson. Ultimately, the magistrate court found Hall guilty of all five counts of contempt; sentenced Hall to suspended jail time and probation; and awarded Chaves costs and attorney fees, including fees Chaves incurred preparing for Hall's initial sentencing, which was continued at her request.

On intermediate appeal, the district court affirmed the magistrate court's judgment of contempt, concluding that Hall waived all the issues she attempted to raise on appeal by failing to support them with cogent argument or relevant legal authority. Alternatively, the district court held that the magistrate court did not err in denying Hall's motion to dismiss, precluding her from testifying about her "mindset and motives" behind her allegedly contemptuous conduct, and awarding costs and attorney fees to Chaves. The district court also awarded Chaves costs and attorney fees on appeal, concluding that her intermediate appeal was frivolous. Hall again appeals.

## II.

## STANDARD OF REVIEW

For an appeal from the district court, sitting in its appellate capacity over a case from the magistrate division, we review the magistrate court record to determine whether there is substantial and competent evidence to support the magistrate court's findings of fact and whether the magistrate court's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). However, as a matter of appellate procedure, our disposition of the appeal will affirm or reverse the decision of the district court. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Thus, we review the magistrate court's findings and

2

conclusions, whether the district court affirmed or reversed the magistrate court and the basis therefor, and either affirm or reverse the district court.

## III.

## ANALYSIS

Hall argues that the magistrate court erred in denying her motion to dismiss, precluding her from testifying about her "mindset and motives," and awarding costs and attorney fees to Chaves. Additionally, Hall asserts that the district court erred by concluding her intermediate appeal was frivolous and awarding Chaves costs and attorney fees for the intermediate appeal. Chaves responds that Hall failed to challenge all the district court's bases for affirming the magistrate court, that she failed to present cogent argument or legal authority to support her issues on appeal, and that her issues on appeal fail on the merits. We hold that Hall has failed to show error in regard to any of her claims.

### A.     Waiver of Issues

Before reaching Hall's substantive arguments, we first address a procedural issue. On review of a district court's decision as an intermediate appellate court, the appellant's opening brief must generally provide a statement of issues, standard of review, and argument and authority related to both the district court's and the magistrate court's decisions. *See* I.A.R. 35(a)(4); I.A.R. 35(a)(6); *Korn*, 148 Idaho at 415, 224 P.3d at 482; *Trusdall*, 155 Idaho at 968, 318 P.3d at 958. Failure to identify the issue as error by the district court (rather than the magistrate court), include or apply the correct standard of review, or provide argument and authority relevant to the correct standard of review and claim on review may result in a waiver of the claims on appeal.

Although Hall's statement of issues (which I.A.R. 35(a)(4) requires) alleges only errors by the district court, the body of Hall's appellate brief is largely dedicated to arguments that the magistrate court erred. With the exception of arguments that the district court erred by finding Hall's intermediate appeal frivolous in order to award Chaves costs and attorney fees on appeal, Hall's appellate brief does not present argument, citation to the record, or authority related to the district court's decision. This is problematic because the district court did not rest its decision on intermediate appeal entirely on the same grounds as the magistrate court. Specifically, before analyzing the substantive issues Hall attempted to raise on intermediate appeal and concluding

3

they were meritless, the district court held that Hall waived all the issues she attempted to raise by failing to support them with cogent argument or relevant legal authority.

Hall does not challenge the district court's conclusion that she waived the issues presented in her intermediate appeal. With the exception of arguments that the district court erred in finding her intermediate appeal frivolous and awarding Chaves costs and attorney fees for the intermediate appeal, the issues Hall raises in this appeal are identical to those she waived on intermediate appeal. Consequently, Hall has not preserved these issues for appeal to this Court. *See Charney v. Charney*, 159 Idaho 62, 68, 356 P.3d 355, 361 (2015) (noting that on appeal from a decision from an intermediate appellate court, a party cannot raise issues that were not preserved in the intermediate appeal). Accordingly, we need not address Hall's claims that her motion to dismiss was erroneously denied, that she was improperly prevented from testifying regarding "mindset and motives" behind her allegedly contemptuous conduct, and that the magistrate court erred by awarding Chaves costs and attorney fees.

Even if Hall had preserved the issues she attempted to raise on intermediate appeal, we still would not consider their merits because they are not supported by authority or cogent legal argument. Hall argues that the motion for contempt and supporting declaration violate due process because the motion failed to identify a specific paragraph or line of a court order that she violated and the declaration was a "disjointed mishmash." However, Hall cites no legal authority to support her argument that citation to a specific paragraph or line of a court order was necessary to satisfy due process, nor does she identify any necessary information that was absent from the declaration. Regarding Hall's argument that the magistrate court erred in precluding her from testifying regarding her "mindset and motives," Hall cites no legal authority to support an argument that the magistrate court erred in any specific evidentiary ruling. Finally, Hall's argument that the magistrate court erred in awarding Chaves costs and attorney fees is entirely bereft of citation to legal authority. Consequently, because Hall failed to support these three issues with cogent argument or citation to relevant legal authority, they are too indefinite for this Court to consider them. *See Clark v. Cry Baby Foods, LLC*, 155 Idaho 182, 185, 307 P.3d 1208, 1211 (2013).

**B.    Costs and Attorney Fees on Intermediate Appeal**

In addition to the three waived issues that Hall attempted to raise, she also argues that the district court erred by concluding that her intermediate appeal was frivolous and in awarding costs

4

and attorney fees on appeal to Chaves. According to Hall, her appeal cannot be frivolous because she has a right to appeal, her public defender has a duty to file an appeal when directed to do so, and allowing an attorney fee award on appeal would have a chilling effect on the exercise of her right to appeal a trial court decision affecting her personal liberty.

The only legal authority Hall cited in her appellate brief to support her challenge to the district court's award of attorney fees is *Flores v. State*, 104 Idaho 191, 657 P.2d 488 (Ct. App. 1983). *Flores* holds that a criminal defendant receives ineffective assistance of counsel if his or her attorney fails to file an appeal when directed to do so. *Id.* at 195, 657 P.2d at 492. Nothing in *Flores* suggests that an appeal from a contempt proceeding cannot be frivolous or precludes an award of costs and attorney fees in such an appeal. Moreover, the Idaho Supreme Court has affirmed the award of attorney fees in an intermediate appeal from a contempt proceeding. *See Charney*, 159 Idaho at 69, 356 P.3d at 362. *Flores* is inapposite to Hall's argument that the district court erred in awarding Chaves attorney fees on intermediate appeal. Because Hall cited no other legal authority to support her argument that the district court erred in awarding Chaves attorney fees and costs on intermediate appeal, Hall waived this issue. *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Consequently, we will not address it further.

## C. Costs and Attorney Fees on Appeal

Chaves requests an award of attorney fees under various statutes, including I.C. § 7-610. The prevailing party on an appeal from a contempt proceeding may receive an award of attorney fees under I.C. § 7-610. *Charney*, 159 Idaho at 69, 356 P.3d at 362. Although Hall makes a passing suggestion that awarding attorney fees under I.C. § 7-610 in an appeal from a contempt judgment imposing criminal sanctions may be unconstitutional, she cites no legal authority to support this contention. *See Zichko*, 129 Idaho at 263, 923 P.2d at 970 (declining to consider issues unsupported by argument and authority). Because Chaves is the prevailing party, we award him costs and attorney fees on appeal.

## IV.

## CONCLUSION

Hall has not challenged the district court's conclusion that she waived the issues of whether the magistrate court erred in denying her motion to dismiss, precluding her from testifying regarding her "mindset and motives," and awarding Chaves costs and attorney fees. Consequently,

Hall has failed to show reversible error in the district court's decision on intermediate appeal relating to those issues. Hall has also failed to present relevant legal authority to support her assertion that the district court erred in awarding costs and attorney fees to Chaves on intermediate appeal; therefore, this issue will not be considered. Consequently, the district court's decisions, on intermediate appeal from the magistrate division, affirming the judgment for five counts of contempt and affirming the judgment awarding costs and attorney fees, are affirmed. We award Chaves costs and attorney fees on appeal.

Chief Judge HUSKEY and Judge GRATTON, **CONCUR**.